# 𝔏𝔞𝔴 𝔞𝔫𝔡 𝔈𝔮𝔲𝔦𝔱𝔶

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

───────◆───────

ANNA TAIT *vs.* SALINA CULBERTSON and ANDREW CULBERTSON, her husband.

At common law an action lay against husband and wife jointly, for a libel written and published by the wife, alone; and a general judgment could be rendered against them both, if the charge were established. This rule has not been changed, by statute, in this State.

APPEAL from an order denying a new trial, and from a judgment rendered for the plaintiff, against both defendants, on a verdict.

*Brown & Beach,* for the appellant.

*Hubbard & Wright,* for the respondent.

Tait *v.* Culbertson.

*By the Court,* FOSTER, J.    The only question in the case is whether an action can be maintained against husband and wife for a libel uttered and published by the wife.

The action was tried at a circuit court held in and for the county of Jefferson, before MULLIN, J., and a jury.

The libel against the plaintiff was proved to have been uttered and published by the defendant Salina Culbertson alone; and it appeared that she was, at the time of such publication, the wife of the defendant Andrew Culbertson, and so continued at the time of the trial.

At the commencement of the trial the defendant Andrew Culbertson moved to dismiss the complaint as against him, substantially on the ground that he could not be made liable for the libel of his wife, and was therefore not a proper party to the action.    The motion was denied, and the defendants' counsel excepted.   At the close of the plaintiff's testimony, and again at the close of the whole evidence, a motion was made on behalf of the husband for a nonsuit upon the same grounds, which the court denied, and to which decision the defendants' counsel excepted. The court was then asked to direct a verdict for the husband, which it refused, and "charged the jury that if they found that the defendant Salina Culbertson, the wife of the defendant Andrew Culbertson, wrote and published the alleged article, and found a verdict against her, then the plaintiff would be entitled to a general verdict against both defendants."   To which refusal, and also to which charge, the defendants' counsel excepted.

The jury found a verdict against both defendants for $500.   A motion for a new trial was made, on the judge's minutes, and was denied; which was excepted to by the defendants' counsel, and judgment was entered according to the verdict, for the plaintiff, for damages and costs, and the defendants appealed.

The counsel do not question that, at common law, the husband could be sued jointly with his wife, for a libel

Tait *v.* Culbertson.

uttered by her alone, or that in such action judgment could be rendered against them both, if the charge against her were established; and of course the rule is the same now, unless it has been changed by act of the legislature, which, it seems to me, there is not the least pretext for assuming.

The common law has been so far changed that.a married woman .may take, hold, convey and use property independent of her husband, as if she were a *feme· sole.* She may engage in business on her own account, with her own separate property. She may make herself liable on her contracts, in regard to her separate estate and business, and for such liabilities she may and must be sued alone; and she may and must maintain actions alone, for claims arising out of her separate estate and business, or for injuries committed against her person or character.

But while the statute authorizes her, in very broad terms, to dispose of her separate property, as if she were sole, it is held that she cannot do so to her husband, for his disability to take from her by a conveyance still continues, notwithstanding the comprehensive general language used in the statute. (*White* v. *Wager*, 25 *N. Y. Rep.* 328.) So, too, the act of 1862 declared that "any married woman may bring and maintain an action in her own name for damages, against any person, or body corporate, for any injury to her person or character, the same as if she were sole;" but this court held that she could not bring such action at law against her husband. (*Freethy* v. *Freethy*, 42 *Barb.* 641.) It would be easy to multiply the references to cases to show that the decision of the court below was correct; but I think it would be bestowing upon the question more importance than it deserves. It is sufficient to say that there is no language of any statute, general or special in its terms, from which the construction contended for by the appellant can be claimed; and the very cases cited in the points of his

Tait *v.* Culbertson.

counsel are in' conformity with the rule adopted by the court, and do not militate in the least against it. As in the case of *Porter* v. *Mount*, (45 *Barb.* 422,) where it was held that an action could not be maintained against the husband, with his wife, to recover back excessive interest, paid upon a loan made by her, out of her separate estate. And the court puts its decision expressly upon the ground that the transaction related solely to her separate estate. And in the case of *Badgley* v. *Decker*, (44 *Barb.* 577,) where it was held that a married woman whose husband had abandoned her and his family, and resided in another State, could maintain an action for the seduction of her daughter, who was over twenty-one years of age, and was in the actual service of the mother, who was carrying on business on her own and separate account. And the court put the right of the mother to recover on the ground that the daughter was of full age, and of the actual service of the daughter in such separate business of the mother.

I have no doubt that the common law rights and duties in respect to the questions before us, have not been changed, and that the decision of the court below was correct.

The judgment should be affirmed.

[Onondaga General Term, June 29, 1869. *Bacon, Foster, Mullin* and *Morgan,* Justices.]