# SUPREME COURT.

NELSON ROWE, respondent agt. CYRENE SMITH, appellant.

In an action against a *married woman* for *trespass* committed by her cattle upon the lands of the plaintiff, her husband need not be joined as a party defendant. (BALCOM, J. dissenting.)

*Sixth District, Binghamton, General Term, July,* 1869.
*Before* BALCOM, BOARDMAN *and* PARKER, *Justices.*

THIS action of trespass was brought in a justice's court, where the plaintiff recovered $20, and upon appeal the judgment was affirmed by the Cortland county court. An appeal was then taken to this court.

HOYT *and* SMITH, *for appellant.*
BALLARD *and* WARREN, *for respondent.*

*By the Court,* BOARDMAN, J. It is conceded that the cattle, horses and hogs of defendant, passed from her land upon the plaintiff's land, the fences between the two farms having been before that removed, and that damage was done to plaintiff's land and crops. Upon such a state of facts there can be no doubt, that the defendant is liable, unless the legal objections urged by the defendant on this appeal are well founded. Because the defendant is a married woman, it is insisted the action cannot be maintained, without joining her husband as a party. If we are governed by the Code as it was amended in 1857, (§ 114,) and has since stood, the wife could not be sued alone, except by her husband.

The husband must be joined except where she sues in respect to her separate property, or where the action is between husband and wife.

By the act of 1860, as amended by the act of 1862
(*Laws of* 1862, *p.* 343, *&c.*) " any married woman may sue
or *be sued* in all matters having *relation to* her sole and sepa-
rate property * * * in the same manner as if she were
sole." " In an action brought or defended by any married
woman in her name, her husband shall not—neither shall
his property—be liable for the costs thereof, nor the recovery
therein." " A married woman may be sued in any of the
courts of this state, and when any judgment shall be recov-
ered against any married woman, the same may be enforced
by execution against her sole and separate property in the
same manner as if she were sole." The act of 1862,
certainly modifies the Code (§ 114) and in its letter au
thorizes the making of a married woman sole defendant
in all matters touching her separate estate or arising there-
from.

Nor is there any reason founded on principle or authority
by which actions *ex delicto* as well as actions *ex contractu*
are not embraced in the above provisions.

The cases cited by appellant are of torts of a personal
character, such as assault and battery, libel, slander, and for
penalties in nowise affecting or arising from the separate
estate of a married woman, and should be carefully distin-
guished from the class of torts frequently arising out of the
ordinary conduct of business, such as negligence, trespass on
land, trover, replevin, fraud, &c. The former, are the per-
sonal acts of the wife, for which the husband is held respon-
sible, upon the theory, that he has the power to control the
conduct of his wife.

But when the wife is allowed to conduct business inde-
pendent of her husband, it would be very unjust that he
should be held responsible for all her errors of omission or
commission, and the law does not require it; a careful ex-
amination of the cases cited by the appellant, will show
nothing in conflict with this distinction, and the following
cases support the rule I have laid down, (*Porter* agt. *Mount,*

Rowe agt. Smith.

45 *Barb.*, 425 ; *Klen* agt. *Gibney*, 24 *How.*, 31 ; *Morrell* agt. *Cowley*, 17 *Abb.*, 76 ; *Code*, §§ 118, 119.)

By the act of 1860, property acquired by the labor of a married woman belongs to her ; and this stock which committed this trespass was bought out of such earnings.

There is nothing in the return showing whether such earnings were before or after 1860, and in such cases every presumption is in favor of the judgment, and that the property was hers. (*Bishop* agt, *Main*, 17 *How.*, 162.) Even if this were not so, the defendant would still be responsible, for trespass committed by cattle in her possession and under her control. (*Tonawanda R. R. Co.*, agt. *Munger*, 5 *Denio*, 255.) I cannot see how the evidence relating to the lane or highway and the division fence, can operate as a ground for reversing this judgment, since there is no attempt to show that plaintiff removed any portion of the fence which he was bound to maintain. (*Colden* agt. *Eldred*, 15 *J. R.*, 220.)

As a question of fact, that has been settled by the justice against the defendant, and there is nothing in the return from which we can say that such conclusion was wrong; all the inquiries as to the location of the division fence, or the existence of a highway, were wholly immaterial.

There is nothing in the other exceptions which calls for particular notice.

There were no fatal errors committed on the trial before the justice, and the judgment of the justice and of the county court should, therefore, be affirmed with costs.

PARKER, J. concurs.

BALCOM, J. dissents.


BALCOM, P. J., *dissenting*. This was an action for trespasses committed on plaintiff's land by defendant's cattle. One defense was, that the defendant was a married woman and that her husband, who was living with her, should have been joined with her as a defendant in the action.

The action was brought before a justice of the peace, where the plaintiff recovered a judgment against the defendant, personally, for $20 damages, besides costs.

The defendant appealed to the Cortland county court, where the judgment against her was affirmed with costs.

The defendant appealed from the judgment of the Cortland county court to this court.

The cause was first argued at the July term of this court in 1868—the court being equally divided in opinion, a reargument was ordered at the November general term of this court in 1868.

The cause was again argued at the January general term of this court in 1869, and was decided at the May general term, 1869, by BOARDMAN, PARKER and BALCOM, Justices— Justice MURRAY was then sitting as a member of the court of appeals.

It is provided by section 114 of the Code, "when a married woman is a party, her husband must be joined with her, except that: 1. When the action concerns her separate property, she may sue alone." The second subdivision of that section relates to actions between husband and wife and need not be considered.

There can be no doubt that it is necessary for the plaintiff to join the husband as a defendant with the wife in an action like this, unless the old rule was changed by the legislature in 1860 or 1862. (*See Coon* agt. *Brook*, 21 *Barb.*, 546 ; *Horton* agt. *Payne*, 27 *How.*, *Pr. R.*, 374 ; *and cases there cited*), *Horton* agt. *Payne*, was affirmed at a general term of this court.

This action *concerned* the damage the defendant's cattle did upon the plaintiff's land. It did not concern the separate estate of the defendant within the meaning of section 114 of the Code.

The action was *ex delicto*, for a tort. The law always was, prior to 1860, that the husband was jointly liable with the wife for her torts. If the cattle of the wife escape and

do damage upon the land of another it is her tort; for which her husband is jointly liable with her, unless he is relieved from such liability by the laws of 1860 or 1862.

According to *section* 7 *of chapter* 90 *of the laws of* 1860, (*Laws of* 1860, *p.* 158.) " Any married woman may, while married, sue and be sued in all matters having relation to her property." The same or similar language was retained when that section was amended in 1862, (*Laws of* 1862, *p.* 344.)

It is provided by *chapter* 172 *of the laws of* 1862, (*Laws of* 1862, *p.* 343.) "In an action brought or defended by any married woman *in her name*, her husband shall not, neither shall his property, be liable for the costs thereof, or the recovery therein." (*Id.* § 5.) " A married woman may be sued in any of the courts in this state, and whenever a judgment shall be recoverd against a married woman, the same may be enforced by execution againt her sole and separate estate in the same manner as if she were sole." (*Id.* § 7.)

I think this language is insufficient to relieve the husband from his common law liability for the torts of his wife. It only exempts him from liability for damages or costs in actions to which his wife is a party when he is not also a party. The legislature must take another step in order to relieve the husband from liability for the torts of his wife, whether she commits them with her own hands or by allowing her cattle to go upon the land of another.

But it is said this action was a "matter having relation to the sole and separate property" of the defendant, and that therefore, she was properly sued the same as if she had been sole. (*Laws of* 1862, *p.* 344, § 7.)

The action did not and could not affect the defendant's right or title to the cattle that did the damage upon the plaintiff's land ; nor did it affect her possession or the right to the possession of such cattle ; and I am of the opinion she was not sued in a "matter having relation to her sole and

Rowe agt. Smith.

separate property," within the meaning of the act of 1860 as amended in 1862, (*Laws of* 1862, *p.* 344, § 7.)

For these reasons, I am of the opinion the judgment of the county court and that of the justice of the peace in the action, should be reversed with costs.

NOTE : It is understood the defendant has taken the above cause to the court of appeals—leave having been granted to carry the case to that court by the supreme court.