### ELIZABETH R. HILL *vs.* JAMES DUNCAN & wife.

The St. of 1871, *c.* 312, which provides that any married woman may be sued in an action of tort as if she were sole, and her husband shall not be liable to pay the judgment against her in any such suit, does not prevent the rendering of judgment against husband and wife in a suit against them for her tort, begun before the passing of the statute.

TORT for slander alleged to have been spoken by the female defendant. Writ dated May 13, 1871. At June term 1871, James Duncan appeared in the Superior Court, and demurred on the ground that the action should have been brought against his wife alone, but *Putnam*, J., overruled the demurrer, the trial proceeded against both defendants, and the jury returned a verdict for the plaintiff. James Duncan then moved in arrest of judgment, but the judge overruled the motion, and James Duncan alleged exceptions.

*F. P. Goulding & H. B. Staples*, for James Duncan. The St. of 1871, *c.* 312, which went into effect May 23, 1871, exempts a husband from liability for his wife's torts. " May " has the force of " shall." *Hennessey* v. *White*, 2 Allen, 48. *County of Worcester* v. *Schlesinger*, 16 Gray, 166. The statute cut off the liability of James Duncan. *New London Northern Railroad Co.* v. *Boston & Albany Railroad Co.* 102 Mass. 386, and cases cited. *Abington* v. *Duxbury*, 105 Mass. 287. *Springfield* v. *Hampden Commissioners*, 6 Pick. 501. *Commonwealth* v. *Marshall*, 11 Pick. 350. *Fowle* v. *Kirkland*, 18 Pick. 299. *Knight* v. *Dorr*, 19 Pick. 48. *Hewitt* v. *Wilcox*, 1 Met. 154. *Springfield* v. *Connecticut River Railroad Co.* 4 Cush. 63. *Commonwealth* v. *McDonough*, 13 Allen, 581. *Thayer* v. *Seavey*, 2 Fairf. 284. *Oriental Bank* v. *Freese*, 18 Maine, 109. *Read* v. *Frankfort Bank*, 23 Maine, 318. *Heald* v. *The State*, 36 Maine, 62. *Lord* v. *Chadbourne*, 42 Maine, 429. *Yeaton* v. *United States*, 5 Cranch, 281. *Lewis* v. *Foster*, 1 N. H. 61. *Stocking* v. *Hunt*, 3 Denio 274.

*F. T. Blackmer*, for the plaintiff.

COLT, J. When this suit was commenced, the defendant James Duncan was at common law jointly liable with his wife for the

tort therein alleged to have been committed by her. A right of action against them jointly was then vested in the plaintiff, founded on this liability, and his property was liable to be taken in satisfaction of the judgment that might be recovered.

The St. of 1871, *c.* 312, provides that "any married woman may sue and be sued in actions of tort in the same manner as if she were sole, and her husband shall not be liable to pay the judgment against her for damages or costs in any such suit, but the same may be collected out of her property, real or personal; and all sums recovered by her in any such suit, shall be her sole and separate property." It is argued by the defendant James Duncan, on the strength of the interpretation given by this court in *Hennessey* v. *White*, 2 Allen, 48, to the words, "may sue and be sued as if she were sole," used in the Gen. Sts. *c.* 108, § 3, with reference to the rights of the wife to her separate property, that "may" in this statute must have in like manner the force of "shall," and that the husband is absolutely exempted from liability to be sued jointly with his wife for her torts, and from liability to pay judgments against her which may be recovered in such cases. The terms of the statute, it is said, are not satisfied by an interpretation which only gives to the plaintiff the option either to sue both, or to sue her alone and collect of her property, as an equivalent for the separate right of action and of property which is given to her for injuries to her alone, and which she may exercise or not, at her option. The interpretation insisted on would make it necessary to decide how far a common law right to recover damages — depending upon no statute, remedial or otherwise, for its existence — is to be treated as property within the meaning of the Declaration of Rights, and as such entitled to protection against a law which attempts to destroy it by retrospective action.

But the decision of this case does not require a discussion of the points suggested. The question is of the true meaning of the statute in respect to its operation upon past transactions, not of its relation to constitutional limitations. And we are of opinion that, whether regarded as affecting a vested right or as only remedial, as conferring an option upon the plaintiff or as absolutely

relieving the husband from liability in all cases, it is so far pros-pective in its operation as not to affect a pending suit against him. The rule is that no retroactive effect will be given to a statute unless the intention of the law makers to give it that effect is expressed in terms, or arises by necessary implication from the nature of its provisions, and this is especially true when rights are thereby taken away or restricted in their assertion. *North Bridgewater Bank* v. *Copeland*, 7 Allen, 139. *Gerry* v. *Stoneham*, 1 Allen, 319, 322. *Abington* v. *Duxbury*, 105 Mass. 287. All the words of this statute are satisfied, and full effect is given to its provisions, by construing it to apply only to suits thereafter to be commenced.

The case of *New London Northern Railroad Co.* v. *Boston & Albany Railroad Co.* 102 Mass. 386, relied on by the defendant, and the other cases cited from our reports, were cases arising under statutes regulating the course of judicial or other proceedings of a character both judicial and executive, and changing the jurisdiction, with no saving clause, or were cases like *Commonwealth* v. *Marshall*, 11 Pick. 350, where the rule of criminal law, that there can be no conviction of an offence unless it be contrary to law when committed, and no judgment, unless the law is in force at the time of the indictment and judgment, was held to apply.

*Exceptions overruled.*