MARGARET AUSTIN *vs.* THOMAS B. COX & wife.

Suffolk. March 2. — June 14, 1875. MORTON & ENDICOTT, JJ., absent.

Where the owner of two adjoining parcels of land conveys one parcel and gives the grantee the right to use a well on the other parcel, and to take water therefrom, "by pipes or otherwise," and such grantee thereafter used the well by means of the rope and bucket, which were there at the time of his deed, he cannot be restricted by the subsequent grantee of the other parcel to the use of the well by pipes only, although the latter offers to lay such pipes at his own expense.

Under the St. of 1871, *c.* 312, which provides that any married woman may be sued in an action of tort as if she were sole, and that her husband shall not be liable to pay the judgment against her in any such suit, a husband is not liable in an action of tort for an interference by the wife with an easement which an adjoining owner has over the wife's land, unless he aids, abets or otherwise encourages the act.

TORT for obstructing a right to use a well upon the female defendant's land. Writ dated September 3, 1873. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows:

On July 30, 1872, James Sullivan conveyed to the plaintiff, by deed duly recorded on August 6, 1872, a parcel of land in East Boston, " together with the right and privilege of using the well situated on the adjoining land, and of taking water therefrom by pipes or otherwise." On April 16, 1873, Sullivan conveyed the adjoining land to the female defendant, with the well on the premises, "subject to the right of Austin to use the same."

It appeared from the plaintiff's evidence that at the time she took her deed and entered upon the occupation of the premises, the well in question was used with a common bucket, block and rope to draw the water, and so continued to be used up to a short time before this suit, and until the alleged obstruction; that in such use it was necessary for the plaintiff to go upon or reach over the defendants' land; that about September 1, 1873, the female defendant built a fence some eight feet high, between the estates, which ran over the well and inclosed, in the defendants' premises, all but four or five inches thereof, so that the plaintiff could not thereafter use the well by means of a rope and bucket.

The defendants offered evidence tending to show that after the fence was so built the plaintiff had an opportunity to draw water from the well by pipes; that there was sufficient space to insert pipes in the well, and that there was no obstruction whatever to such use and in such way, and that the female defendant had offered to provide and lay such pipes at her own expense.

The defendants thereupon asked the judge to rule, that, if the plaintiff could, notwithstanding the erection of the fence, still use the well and obtain sufficient water by means of pipes, this action could not be maintained; that the use of the right which the plaintiff had by the deed, was simply a right to use the well for purposes of obtaining water in that way which was most convenient for both parties, and that such right did not give the plaintiff the privilege of going upon the land or premises of the female defendant for the purpose of drawing water by a rope and bucket, if the plaintiff could draw and use the water in some other way, without going upon said land or premises. The judge refused so to rule, and instructed the jury that if the female defendant built a close fence over the well, some eight feet in height, and leaving an aperture into the well of only between four and five inches on the plaintiff's side, that would be an obstruction of the plaintiff's right under her deed.

The defendants also asked the judge to rule that the male defendant could not be held liable in this action unless he aided, abetted, advised, stood by or encouraged the erection of said fence. But the judge ruled that he was in law answerable for the torts of his wife, and for any obstruction by her of the plaintiff's rights in the well.

The defendants offered to show that before the erection of the fence the well was exposed to filth from hens and other sources, by which the water was liable to become foul; that it was dangerous to those in occupation of the premises, and was falling to pieces at the top and required to be covered and closed. But the judge rejected the evidence.

The jury found for the plaintiff; and the defendants alleged exceptions.

*J. L. Eldridge*, for the defendants.

*L. W. Howes & P. F. Shea*, for the plaintiff.

AMES, J. The plaintiff had a right to take water from the well by pipes or otherwise. There is nothing in her title deed which gives to either of the defendants the right to restrict her to the use of pipes; and she was entitled to make use of the fixtures and apparatus with which the well was furnished, in order to supply herself with water on her own premises for all reasonable and ordinary uses. The fence complained of was so constructed as to prevent the exercise of this right. Whatever was required to be done to protect the water from impurities, or to keep the top of the well in a safe condition, the defendants might undoubtedly do, but they had no right to exclude the plaintiff from the enjoyment of the easement. The plaintiff therefore is entitled to maintain this action against the female defendant.

But since the St. of 1871, *c*. 312, a husband cannot be held liable for a tort of this kind committed by his wife, unless he aided, abetted, advised or otherwise encouraged the act. See *Hill* v. *Duncan*, 110 Mass. 238. The ruling that the male defendant was in law answerable for the torts of his wife, without such actual participation, was erroneous, and the exception on that ground must be sustained. But as to the female defendant the exceptions will be overruled, and plaintiff is at liberty to discontinue as to the husband.                *Judgment accordingly.*