MARY ANN McCARTY *vs.* RICHARD DE BEST & wife.

Suffolk. March 9. — 11, 1876. AMES & MORTON, JJ., absent.

Since the passage of the St. of 1871, *c.* 312, a husband cannot be joined in an action
for a tort of his wife.

TORT for slander by the female defendant. The answer of
the husband set up that he was improperly joined in the action.

At the trial in the Superior Court, before *Putnam,* J., the de
fendants requested the judge to rule that the plaintiff could not
recover against the husband, he being improperly joined. This
ruling was refused. The jury returned a verdict for the plain-
tiff; and the defendants alleged exceptions.

*E. B. Smith,* for the defendants.

*C. J. Brooks,* for the plaintiff, submitted the case without ar-
gument.

GRAY, C. J. The St. of 1871, *c.* 312,* was manifestly in-
tended to make the wife alone liable to action, judgment and
execution for torts committed by her in the future. This was
clearly intimated in *Hill* v. *Duncan,* 110 Mass. 238, and was
directly adjudged in *Austin* v. *Cox,* 118 Mass. 58. The present
action having been brought against both husband and wife, for a
tort committed by her since the passage of this statute, the ex-
ceptions must be

*Overruled as to her, and sustained as to him.*

---

* "Any married woman may sue and be sued in actions of tort in the same
manner as if she were sole, and her husband shall not be liable to pay the
judgment against her for damages or costs in any such suit, but the same
may be collected out of her property, real or personal ; and all sums, recovered
by her in any such suit, shall be her sole and separate property."