## SUPREME COURT.

FREDERICK MANN AND WIFE, respondents agt. SPENCER MARSH, appellant.

An action brought by *husband and wife* for an assault and battery, alleged to have been committed on the *wife*, cannot be sustained. Such an action should be brought by the wife alone.

When two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a *joint* cause of action in them, a *demurrer* will lie upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

When husband and wife unite in bringing an action, and the complaint shows that one alone must bring the action without the other, a *demurrer* will lie for the same reason.

*Fifth District General Term, April,* 1861.

APPEAL from judgment at special term, before MORGAN, J., overruling demurrer to complaint.   Action by husband and wife, commenced in June, 1860, for an assault and battery alleged to have been committed upon the wife on the 22d day of May, 1860.   Among the causes of demurrer assigned were that the plaintiffs had no legal capacity to sue; that

there was a defect of parties plaintiff; that the action should have been by the wife alone, and the husband was improperly joined with her in the action, and that the complaint did not state facts sufficient to constitute a cause of action.

HUNT, GREEN & FRYER, *for appellant.*
J. M. POTTER and G. H. MIDDLETON, *for respondent.*

By the court, ALLEN, Justice. The question before us was not in the case of *Shumway* agt. *Cooper*, decided by this court in 1856, and was not considered in *Brumskill* agt. *James*, (1 *Kernan*, 294,) even if a question somewhat analogous in principle was in the latter case, and might have been decided.

In *Shumway* agt. *Cooper* the right of action depended upon the election of the wife to affirm and ratify the conversion of realty into personalty, and the only evidence of such election was the bringing of the action in the name of husband and wife, which being in law the action of the husband did not bind the wife to the election thus made; and as no amendment could by relation give effect to an election then made, as if made at the time of the commencement of the action, and give a right of action which did not then exist, the question whether, in ordinary cases, and as a question of practice in actions by husband and wife, the name of one of them might be dropped by an amendment, was not considered; and this is expressly stated by the judge in delivering the opinion. Had the question before us now been decided in that case it would be incumbent upon us to regard it as an authority. In *Brumskill* agt. *James* the defendants claimed to be husband and wife, but had held themselves out and contracted as partners, and not as husband and wife; and the question considered and decided was one upon which there had been some conflict in the decisions of the supreme court, to wit: whether, in

an action against several, upon, a contract alleged to be joint and not several, the complaint and proceedings could be amended upon the trial by striking out the names of those against whom a cause of action was not proved, and the action be permitted to proceed against the other as upon a several contract, or whether in such action a verdict and judgment might be given for some and against others of the defendants. Judge GARDINER, after stating the objection of the defendant, says: "He relies upon the misjoinder, and upon the general rule of the common law, that where a joint contract is the subject of the suit the recovery must be against all the defendants, or neither. This was the inconvenience the above provisions of the Code (§§ 136, 274) were designed to remedy, and no case is likely to be presented in which their application would be more manifestly equitable and just than the present." The case did not turn at all upon the peculiar relations of the defendants to each other as husband and wife; and the case was not presented to the court, as distinguished by that circumstance, from any other action in which two defendants were sued upon a contract alleged to be joint, but which was proved upon the trial to be the several contract of one of them.

The action, when brought by the husband and wife for an injury to the person of the wife during coverture, is for a cause of action which survives to the wife if the husband dies before judgment and execution, but which belongs to the husband during the life of both, which he may settle and compound, or release at any time, and which the wife cannot contest during the life of the husband. ·At common law the recovery in an action like this was for the benefit of the husband, and he could bring *scire facias* in his own name upon a judgment recovered in the names of himself and wife. (*Com. Digest, Baron & Feme, X, citing* 3 *Lev.,* 403.) If the money had been collected, and come to the hands of the wife, it would, nevertheless, be the property of the husband, and go to his representatives. (*Washburn*

agt. *Hale*, 10 *Pick.*, 429.)    The claim could be released by the husband.    (*Southward* agt. *Packard*, 7 *Mass.*, 95.)

In January, 1858, in *Barrett* agt. *Stickles*, we decided that an action could be brought against a husband alone to compel a set-off of an award held by the plaintiff against a judgment in favor of the defendant and his wife, for an assault and battery upon the latter, upon which an execution had been issued, and that the wife was not a necessary party. The action, as given by the common law in the name of the husband and wife, was the action of the husband only so long as he lived.    He was a necessary party, for the reason that the legal control of interest in the claim was in him, and the recovery was for his benefit, if he chose to reduce it to possession during his life.    The wife was a necessary party, because she was the meritorious cause of action, and it might survive to her if not released or otherwise appropriated by the husband during his life.    (*Bac. Abr.*, *B. & F., K.*; *Brown on Actions*, 242.)    If husband and wife were joined improperly it was ground of error or of demurrer. (*Staley* agt. *Barhite*, 2 *Caines*, 221; *Lewis* agt. *Babcock*, 18 *J. R.*, 443; 1 *Ch. Pl.*, 75.)    It is not simply a misjoinder of parties, for in actions of tort in general the nonjoinder of parties plaintiff could only be pleaded in abatement; and yet, if a husband brought an action alone for a personal injury to the wife, he would have been nonsuited, and because there was no cause of action in him independently of his wife.    (1 *Ch. Pl.*, 75.)    The objection would have been one of substance, going to the foundation of the action, upon the ground that no cause of action existed in favor of the plaintiff against the defendant.

The statement in the complaint in this action is of a cause of action, in which, at common law, both plaintiffs had an interest, and to recover for which both must have joined as plaintiffs.  The facts stated constitute a cause of action good at common law, and joint in the plaintiffs, but do not constitute a cause of action in favor of the husband

alone; and it is in no sense the action of the wife, although she is a necessary party upon the theory upon which the action is brought. But the statute (*Laws of* 1860, *p.* 158, § 7) has essentially changed the rights of the husband and wife in respect to torts committed upon the person or character of the wife, and has made her the sole plaintiff in actions brought for them, and given her the exclusive right to the damages and recovery therefor, and has taken from the husband all right to a control over the damages or actions brought for such injuries. Assaults and batteries, and slanders, are now made a part of the separate estate of the wife, and in respect to them she is as a *feme sole*. Under this statute, then, there was no cause of action in the plaintiff upon the facts stated, and the demurrer was well taken for that reason, and not because there was a misjoinder of parties. It is true that when all the parties plaintiff do not show an interest in the cause of action, there is, in one sense, a misjoinder of plaintiffs; but in a more important sense it is a failure to make a case entitling the plaintiffs to recover against the defendant, and hence, in such case before the Code, parties thus caught would have been nonsuited. Now, under the provisions of the Code, judgment may be given for one plaintiff and against the other, if the objection is taken upon the trial by motion for a nonsuit or otherwise (*Code*, § 274;) and if the objection appears upon the face of the complaint, and is taken by demurrer, an amendment may be allowed upon terms in ordinary cases. (*Code*, § 173.) The demurrer was necessarily to the whole complaint, and to the cause of action as therein alleged, in favor of both plaintiffs. A demurrer could not be interposed as against one plaintiff and an answer as to the other. A party cannot plead and demur to the same pleading. Upon the ground that the facts alleged do not constitute a cause of action, entitling the plaintiffs to a judgment, the demurrer should have been allowed, and judgment given for the defendants. If the

wife desires to make the action her own, and the plaintiffs
elected to amend, by striking out the name of the husband,
leave should have been given on terms. But the justice at
special term gave judgment for both plaintiffs, deciding in
effect that the action was properly brought, and the plain-
tiffs entitled to judgment. A judgment in this action would
not bar an action at the suit of the wife; and, at least, the
judgment should have been for the defendant against the
husband under § 274 of the Code, and in accordance with
*Peabody* agt. *Washington Co. Mut. Ins. Co.*, (20 *Barb.*, 339.)
The more correct judgment would have been for the defend-
ant, with leave to the plaintiffs to amend, if the wife chose
to make the action her own, and prosecute it for her own
benefit. I doubt—although it is not necessary to decide
that question—whether a judgment could be given in favor
of the wife and against the husband in an action brought
by them as joint plaintiffs. (*See Dunderdale* agt. *Grymes*,
16 *How.*, 195.) The superior court of New York have de-
cided that, in a joint action by the husband and wife, for
the recovery of land, no separate judgment can be given in
favor of the wife and against the husband; they must
recover jointly or not at all (*Barton* agt. *Draper*, 5 *Duer*,
130;) a decision entirely applicable in principle to this
and every other joint action by husband and wife. That
husband and wife cannot unite in an action in respect to
matters concerning her separate estate, and for which she
is authorized to sue alone, is well settled. (*Smith* agt.
*Kearney*, 9 *How.*, 466; *Bronson* agt. *Gifford*, 8 *id.*, 389; *Ack-
ley* agt. *Tarbox*, 29 *Barb.*, 512; *Shumway* agt. *Cooper*, *supra*.)
If it was not a case in which judgment could have been
for one of the plaintiffs and against the other, then, clearly,
judgment should have been for the defendant.

The case was mainly argued as if the objection was to
the misjoinder of parties; and a question was made whether
the objection to the joinder of too many parties, as plaintiffs,
could be taken by demurrer as for " a defect of parties."

But, in the view taken of the case, it is not necessary to consider or pass upon this question. I am of the opinion,

1st. That when two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, a demurrer will lie upon the ground that the complaint does not state facts sufficient to constitute a cause of action (*Code*, 144;) and

2d. That when husband and wife unite in bringing an action, and the complaint shows that one alone must bring the action, without the other, a demurrer will lie for the same reason.

. The order at special term must be reversed and judgment given for the defendant, with leave to the wife, if she elect so to do, to amend, by striking out the name of the husband and making the complaint conform to such change of parties, and proceed in the action in her own name on payment of costs.

BACON and MULLIN, JJ., concur.

