## SUPREME COURT.

### WALRATH and wife agt. HANDY and others.

*Misjoinder* of parties plaintiffs is ground of *demurrer* to the complaint.

In such case the complaint does not state facts sufficient to constitute a cause of action.

In an action to obtain *construction of a will,* the complaint should state that the testator left property, and also whether real or personal or both.

If there be no *trust* declared or raised by the will, and the legatees and devisees take absolutely, they must vindicate their rights by an action or actions at law —not by an action in equity for its construction.

A person who is *not executor* nor in any sense a *trustee* is not entitled to ask instruction or advice from the court.

In case a *trust* be declared by will, and questions of doubt arise as to its true meaning, any person having an *interest* in the property *held in trust* may apply by action to have the will construed or its validity determined.

*Saratoga Special Term, Feb.,* 1863.

THIS action was brought to obtain construction of a will.

McMARTIN & PLANTZ, *for plaintiffs.*

SMITH & CARROLL, *for defendant, Handy.*

BOCKES, Justice. It seems plain that the wife of Wm. Walrath is an unnecessary party plaintiff. She obtains her only right—an inchoate right of dower—through her husband, and this right attaches to those lands to which her husband is entitled under the will. A judicial determination of his right under the provisions of the will, if necessary, would conclude her as to any claim for dower. She would have dower in the lands devised to him, according to the true construction of the will.

But it is insisted that a misjoinder of parties plaintiff, cannot be urged on demurrer. It has been often held that a misjoinder of parties defendant, is not ground of demurrer. (23 *How.,* 396; 12 *How.,* 134; 17 *N. Y.,* 592;) and very general language has been used in some of the cases, to the effect, that a demurrer to a complaint for an

*excess* of parties cannot be allowed.   It was so stated in
*Davy* agt. *Betts*, (23 *How.*, 396;) also in *Gregory* agt. *Oak-
smith*, (12 *How.*, 134.)   So it has been said that a demur-
rer must be sustained or fail to the whole extent to which
it is applied ; and that where a demurrer is to the whole
complaint, if one of the plaintiffs might have judgment
separately, it is bad.   But in *Brownson and wife* agt. *Gifford*,
(8 *How.*, 389,) it was held on demurrer that the action
should have been brought by Mrs. Brownson alone, and
that her husband was improperly joined as plaintiff.   In
this case, Judge HARRIS allowed the demurrer to use his
own language—"*solely on the ground that the husband of
Mrs. Brownson ought not to have been joined as a co-plaintiff
with her*," (*page* 397.)   In *Mann and wife* agt. *Marsh*, (35
*Barb.*, 68 *same case*; 21 *How.*, 372,) it was held, that when
two or more plaintiffs unite in bringing a joint action and
the facts stated do not show a joint cause of action in
them, a demurrer will lie upon the ground that the com-
plaint does not state facts sufficient to constitute a cause of
action.   In *Barstow* agt. *Draper*, (5 *Duer*, 130,) it was held
that in an action by husband and wife, they must recover
jointly or not at all.   (*See also* 16 *How.*, 195; *also cases
cited in Mann* agt. *Marsh*, 35 *Barb.*, *on page* 73.)   Accord-
ing to these authorities Mrs. Walrath is an unnecessary and
improper party.   The case of *Mann* agt. *Marsh* is well con-
sidered, was decided at general term after full argument,
and is the latest decision on the point.   I feel bound to
follow it at special term.   It seems to me too, that the re-
marks of Judge ALLEN are well made.   He says, (*page* 72,)
" it is true, that when all the parties plaintiff do not show
an interest in the cause of action, this is in one sense a
misjoinder of plaintiffs, but in a more important sense it is
a failure to make a case entitling the plaintiffs to recover
against the defendant."   And he adds, " the demurrer was
necessarily to the whole complaint, and to the cause of
action as then alleged in favor of both plaintiffs.   A de-

murrer could not be interposed as against one plaintiff and an answer as to the other." So he holds that in such case judgment should be given for the defendant on the demurrer with liberty to amend the complaint. This decision sustains the demurrer, not solely on the ground that there is a misjoinder of parties plaintiff, but on the ground that in such case the complaint does not state a cause of action in favor of the plaintiff.

The complaint is however fatally defective in this: it is not alleged that the testator died seized or possessed of any property whatever, real or personal; without an allegation that there was property on which the will could take effect, certainly, the complaint does not state facts sufficient to constitute a cause of action.

But it is difficult to see how the complaint could be held good, even if it contained an averment that the testator died seized and possessed of both real and personal property, and the action was by William Walrath alone. He is not the executor of the will, nor in any sense a trustee, hence he is not entitled to ask instruction or advice from the court—nor does it appear from the complaint that he has been in any way injured or in any danger of being injured either in his person or property by the defendants, or by either of them.

The plaintiffs rest their case on the authority of *Bowen* agt. *Smith*, (10 *Paige*, 193,) when it was held, that where the executor takes the legal estate *as trustee*, any person having an interest in such property (*so held in trust*) may file a bill, to have the construction of the will settled, or to have the question as to the validity of its provisions determined, so far as concerns the interest of the complainant in the property, and to have a decree against such executor for such parts or portions of the property as he is legally and equitably entitled to recover. In this case the bill of complaint was dismissed for want of equity, and on the ground that the plaintiff had a remedy, if any, at

law by a common law action. The chancellor remarked, "I am not aware of any case in which an heir at law of a testator, or a devisee, who claims a mere legal estate in the real property where there was no trust, has been allowed to come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of the will. On the contrary, the decision of such legal questions belongs exclusively to the courts of law, except when they arise incidentally in this court in the exercise of its legitimate powers; or where the court has obtained jurisdiction of the case for some other purpose."

So, in the case under consideration, there is *no trust* as regards the real property devised by the will. The legal title is not given the executor or to any one in trust. Whatever rights William Walrath gets by the provisions of the will, are absolute and unconditional. He takes a legal estate disconnected with any trust. So, as was remarked by the chancellor in the case cited, the decision of all legal questions in regard to it, belong, therefore, exclusively to the courts of law, and it follows that his rights must be protected in the usual proceeding by an action at law, if any one attempts, improperly and unlawfully, to interfere with them.

As regards the personal estate, perhaps a case might be made calling for a decision as to the true construction and meaning of the will. As to the personal property the executor is a trustee, and William Walrath is *cestui que trust*. If, therefore, a case be made in other respects proper for the action of the court, the complaint might be upheld. No case is made out, however, on the complaint, in any view, and the demurrer must be held to be well taken.

Judgment is ordered for the defendant, Handy, on the demurrer with costs, but with liberty to the plaintiff to withdraw the demurrer and to serve an amended complaint on payment of costs of the demurrer.