# SUPREME COURT.

## Rumsey and Rumsey agt. Lake.

*Misjoinder of parties — Demurrer to complaint — Assault and battery on wife— Action by husband and wife.*

*Misjoinder* of parties plaintiff is ground of *demurrer* to the complaint.

Where husband and wife unite in bringing an action, and the complaint shows that one alone must bring the action without the other, a *demurrer* will lie upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

An action for an assault and battery upon the person of a married woman must be brought in her name alone, and if the husband unite in bringing the action a *demurrer* will lie on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The correct rule seems to be that if there is a misjoinder of parties, or, in other words, if the facts stated in the complaint show no cause of action against the defendant in *favor of one* of the plaintiffs, the defendant may demur, under subdivision 6 of section 144 of the Code, *as to such plaintiff* upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and as to such plaintiff the complaint will be dismissed.

*Oswego Special Term, June, 1875.*

The complaint states that the plaintiffs were husband and wife in March, 1875, when the assault and battery were committed upon the person of the female plaintiff, wife of the other plaintiff. The defendant specifies for ground of demurrer, (1) that it appears on the face of the complaint that there is a misjoinder of parties plaintiffs; (2) that it appears that the action should be in the name of the female plaintiff and that her husband was improperly joined; (3) that the complaint does not state facts sufficient to constitute a cause of action in favor of plaintiffs against the defendant; (4) that the complaint does not state facts sufficient to constitute a

Rumsey agt. Lake.

cause of action in favor of plaintiff, John C. Rumsey, against said defendant; (5) that the complaint does not show that any interest in the cause of action is in John C. Rumsey; (6) that it appears that the action concerns the separate property of the plaintiff Rosetta, and therefore John C. is improperly joined.

*S. N. Dada*, for plaintiffs.

*R. H. Tyler*, for defendant.

HARDIN, *J.* — The question raised by the demurrer in this case has been considered in the general term in this district and determined in *Mann* agt. *Marsh* (35 *Barb.*, 68), and a like question in *Richtmyer* and *Richtmyer* (50 *Barb.*, 55), and those cases must be followed and the demurrer sustained (24 *How.*, 353). These cases are referred to by Mr. Wait in his excellent work on practice, and the rule declared therefrom laid down as the correct one (*See vol.* 1, *Wait's Practice*, 115 *and* 120). He says: "If there is a misjoinder of parties, or, in other words, if the facts stated in the complaint show no cause of action against the defendants in *favor of one* of the plaintiffs the defendant may demur, under subdivision 6 of section 144 of the Code, *as to such plaintiff* upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and as to such plaintiff the complaint will be dismissed." If this objection is not taken by demurrer it may be at the trial and the same result reached, in pursuance of section 274 of the Code, and judgment given in favor of the party plaintiff proving a cause of action, and against the party plaintiff having none (*Palmer* agt. *Davis*, 28 *N. Y.*, 242; 50 *Barb.*, 55). The same rule is stated by FOLGER, J., in *Simon* agt. *Canaday* (53 *N. Y.*, 301). There is nothing in the features of *People* agt. *Crooks* (53 *N. Y.*, 649) inconsistent with the rule laid down or declared in *Simon* agt. *Canaday* (*supra*).

The act of 1862 (*chap.* 219, *sec.* 3) allows a married woman to "bring and maintain an action in her own name for dam-

Rumsey agt. Lake.

ages against any person or body corporate for any injury to her person or character, the same as if she *were sole*," and the money received shall be her sole and *separate property*.    The section also provides she may give a bond in any such action *as if she were sole*.    This section may well be considered as vesting in her the right to recover for injuries.    Thus she becomes entitled to the " property," in the chose in action, for such injury, and thus it is that the action concerns her separate " property " when brought to recover for such injuries.    Assuming that the action concerns her separate property as before shown, the language of section 114 of the Code applies, that " when the action concerns her separate property she may sue alone."  " May," as used, is equivalent to " must ;" she being vested with the right of action the husband is divested of the interest he would have had at common law.    And as she is the person solely interested in the cause of action, section 111 of the Code applies and requires every action to be brought in the name of the real party in interest, to wit, *the wife*.    The husband has no " property " or " interest " in the right of recovery for personal injuries to the wife.    True he may have an action for loss of services in certain cases, but that is an independent cause of action in his favor and should not be joined with the distinct and independent cause of action in favor of the wife.    The husband and wife are not united in interest in the same cause of action, and therefore section 119 does not apply, nor does section 117 of the Code apply.

These views lead to the conclusion reached by ALLEN, J., in *Mann* agt. *Marsh* (*supra*), and a like order must be made sustaining the demurrer, with costs, " with leave to the wife, if she elect so to do, to amend by striking out the name of the husband and making the complaint conform to such change of parties and proceed in her own name on payment of costs " (35 *Barb.*, 74).

NOTE. — An appeal was taken by the plaintiff from the order sustaining the demurrer in this case, and the order was affirmed at general term in the fourth department in April, 1876.  [ED.