SHANAHAN and wife vs. THE CITY OF MADISON.

*February 27 — March 13, 1883.*

*Injury to married woman: joinder of causes of action and of parties.*

1. Ch. 99, Laws of 1881, gave to a married woman, as though she were sole, the right to maintain an action for any injury to her person or character, and took from the husband all right to or control over such action, and all right to or interest in any judgment recovered therein.

2. Since the enactment of that chapter a cause of action for an injury to the person or character of a married woman cannot be united in the same complaint with a cause of action for the husband's loss of services and expenses in consequence of such injury, notwithstanding the action is brought in the name of both husband and wife.

[3. Whether under that chapter an action can be maintained by the husband and wife jointly merely for the injury to the person or character of the wife, is not determined.]

APPEAL from the Circuit Court for *Dane* County.

The case is thus stated by Mr. Justice CASSODAY:

"This is an action by husband and wife to recover damages sustained from the breaking of an arm of the wife, May 30, 1881, by reason of an alleged defective sidewalk in *Madison.* The complaint sets out two separate causes of action — one for $2,000 damage to the wife, and another for $1,000 damage to the husband — and for which two causes of action the plaintiffs demand judgment for the two

JANUARY TERM, 1883.          277

Shanahan and wife vs. The City of Madison.

sums named, respectively, besides the costs of the action.
The defendant demurred to the complaint on the grounds:
(1) that the court has no jurisdiction of the subject of the
action; (2) that there is a defect and misjoinder of parties
plaintiff; (3) that several causes of action have been improp-
erly united; (4) that the complaint does not state facts suf-
ficient to constitute a cause of action. From the order
overruling the demurrer this appeal is brought."

*R. M. Bushford*, for the appellant.

For the respondent there was a brief by *Keyes & Gill*, and
oral argument by *Mr. Gill*.

CASSODAY, J. It has long been the statute that where a
married woman is a party her husband must be joined with
her, except that when the action concerns her separate prop-
erty or business, or alleged antenuptial debts, or is between
herself and her husband, she may sue or be sued alone. Sec.
2608, R. S.; sec. 15, ch. 122, R. S. 1858.

In *Barnes v. Martin*, 15 Wis., 240, it was held that in an
action by husband and wife for an assault and battery upon
the wife, compensation for the loss of her time could not be
included in the damages, and that a joint action would lie
only for the personal injury to the wife. That case was fol-
lowed in *Kavanaugh v. Janesville*, 24 Wis., 618, where the
injury to the wife was by reason of a defective sidewalk. In
that case it was held that no recovery could be had in that
action for the loss of the wife's services, nor for the husband's
expenses for nursing and medical attendance. Thereupon it
was provided by statute that in any action by husband and
wife to recover damages for any *injury to the person* of the
wife, sustained by or through the act, procurement, or negli-
gence of the defendant, or for which the defendant is liable,
the plaintiffs may claim in the complaint, and prove and
recover, all the damages sustained by both, and which might
otherwise be recovered by separate actions. Ch. 96, Laws
of 1873; sec. 2680, R. S.

In *Holmes v. Fond du Lac*, 42 Wis., 282, the action was to recover for the personal injury of the wife by reason of a defective sidewalk; and also the husband's loss of her services and his expense for medical attendance, etc. No question was there made as to the proper joinder of separate causes of action. The only reference to such joinder in the opinion of the court is that "it includes such damages as the husband and wife might by separate actions recover, but which could not be united in the absence of that statute." This undoubtedly means that the cause of action for the loss of the wife's services and the expense of her medical attendance, which, independent of that statute, could only be brought by the husband alone, might, under that statute, be united with a cause of action for the personal injury to the wife.

*Gibson v. Gibson*, 43 Wis., 23, was an action of slander by a single female, who afterwards married the son of the defendant. After the defendant answered the complaint, he and the plaintiff's husband petitioned the court, stating the facts, and asked that the title of the cause be changed; that the husband be made a party plaintiff; and that the suit be thereafter prosecuted in the name of the husband and wife. The court denied the application, except so far as to change the plaintiff's maiden name to her married name, and the cause was reversed on account of such denial. It was there held, in effect, that the right of action which accrued to the plaintiff, as a *feme sole*, was not her separate property within the meaning of the statute, and hence, after marriage, could not be maintained in her name alone, but only as a joint action in the name of both husband and wife. And it was there, in effect, said by the court that in such and other actions of *tort* for injuries to the wife, the damages, when collected, belonged to him, and that his release of the cause of action, after suit commenced by himself and wife, was a bar to any recovery. For the reasons and the authorities in sup-

port of the rule it is only necessary to refer to the two opinions in that case, where the question is thoroughly and exhaustively considered.

In *Meese v. Fond du Lac*, 48 Wis., 323, the husband and wife brought an action to recover for injuries to the wife from a defective highway, but no claim was therein made for the loss of her services or consequent expenses. Subsequently the wife died, and thereupon the husband brought an action for such loss of services and expenses, and recovered judgment, which was affirmed by this court. It was there held that the former action abated by the death of the wife, and hence was no bar to the second action. The opinion of the court there states that "as the damages in both cases when recovered *belong to the husband*, there is great force in the argument of the learned counsel that, since the statute has removed the technical objection which at common law prevented the joinder of the two causes of action in one suit, the court should construe this law as mandatory, and not permit the husband in such case to divide his causes of action, and thereby subject the defendant to the costs and expense of two defenses instead of one."

By these decisions it seems to have been settled that, under the statutes referred to, an action for personal injury to the wife, happening either before or after the marriage, was not an action concerning her separate property or business, within the meaning of the exception contained in sec. 2608, R. S., but was under the control of the husband, and the damages when collected belonged to him, and hence, by the provisions of that section, the two were required to join in an action for such injuries. How far has the rule thus settled been changed by ch. 99, Laws of 1881? That act expressly amended sec. 2345, R. S., which, prior to such amendment, provided that "every married woman may sue in her own name, and shall have all the remedies of an unmarried woman in regard to her separate property or busi-

ness, and to recover the earnings secured to her by the two next preceding sections, and shall be liable to be sued in respect to her separate property or business, and judgment may be rendered against her, and be enforced against her and her separate property, in all respects as if she were unmarried." That section and the two preceding sections have so often been construed by this court that repetition would be merely cumbersome. *Krouskop v. Shontz*, 51 Wis., 215–217, and cases there cited; *Kavanagh v. O'Neill*, 53 Wis., 105; *Houghton v. Milburn*, 54 Wis., 564.

By ch. 99, Laws of 1881, this provision was added to that section: "And any married woman may bring and maintain an action *in her own name* for any injury to her person or character the same as if she were sole, and any judgment recovered in such action shall be the separate property and estate of such married woman, provided that nothing herein contained shall affect the right of the husband to maintain a separate action for any such injuries as now provided by law." That chapter also repealed all acts and parts of acts conflicting therewith. As we construe the amendment, it was not to give to the wife the right to recover in her own name what she could previously recover in the name of herself and husband, but to give to her, the same as though she were sole, a right of action which she never before possessed, and to make the judgment recovered therein, which, except for the amendment, would have belonged to the husband, her "separate property and estate." It may be that the amendment would have been more germane to secs. 2342–3, R. S., defining her rights to property, than to sec. 2345, R. S., defining her rights of action and remedies as to her separate property; but it is apparent, in view of the previous decisions of this court, that the legislature thereby intended to take entirely from the husband all right and control of any action for any injury to the person or character of the wife, and to take entirely from him all right to and all in-

terest and property in any judgment recovered in such action. Otherwise such right and ownership is made dependent entirely upon the option of the wife. Of course, in case of mutual affection and confidence and perfect domestic harmony, it would make no difference; but the law was not enacted for the benefit of such persons. If all families were of that kind, then there never would have been any object or necessity for amending the statutes in that respect. Such husbands and wives are not under the law, because they are a law unto themselves. But, unfortunately, such affection and confidence are not always mutual, and such harmony does not always exist. Hence the amendment seems to have had in view the protection of oppressed wives against incorrigible husbands. Of course, the act does not make that distinction, for it must be equally applicable to all husbands and wives; but such, nevertheless, seems to have been its object.

Such being the legislative intent, it must be apparent that any construction which would leave the right of action and ownership of the judgment unfixed and optional with the wife of such an incorrigible husband would be very likely to expose her to new and indescribable annoyances and attacks, which might make her last state worse than her first. Such a construction would be quite certain to stimulate domestic broil, and defeat the very object of the enactment. It certainly would have been better for the wife and family to have left the right of action where it was, and the recovery in the husband, than to have given it to the wife only on the condition of her successful resistance of the persuasions and perhaps intimidations of such an intractable husband. There seems to be nothing in the amendment, however, to warrant the conclusion that the legislature intended to thus stimulate domestic controversy. Besides, a law giving new rights of action and new ownership of judgments should not, by a forced construction, leave the person to

whom such rights and ownership is given uncertain or un-fixed. We were impressed with the plausibility of the argument of the learned counsel for the plaintiffs, to the effect that it is only when the wife brings the action in her own name that the judgment recovered shall be her separate property and estate. In other words, that the amendment left it optional with the wife to make any judgment recovered in such action, for any injury to her person or character, her separate property and estate, by bringing the action in her own name, or to allow the judgment recovered to become the property of her husband by joining with him in the action. We do not, however, for the reasons stated, think it is sound.

The peculiar wording of the amendment may have been suggested by the language of the late chief justice in *Gibson v. Gibson, supra.* He there makes a clear distinction between rights of action *ex contractu,* and rights of action *ex delicto,* for personal wrongs, and said: "If the legislature had torts against the wife at all in mind, it saw fit to make no change in the law; perhaps judging such rights of action better left to the discretion of the husband. Be that as it may, neither husband nor wife can be properly said to own actions of tort. They may own judgments in tort, when recovered; but they can no more be said to own the discretion to bring such actions than any other impulse of the will or motion of the affections. . . . In actions for personal torts no debt precedes recovery; and recovery is not founded on debt. The injured party has suffered a wrong in his person or character, to which he may submit, if he will. But the law gives him a right of action, if he will, for damages to compensate him for the wrong. The tort-feasor becomes his debtor only upon recovery, and by force of recovery. Before recovery he is not a debtor at large; after recovery he is a judgment debtor only. . . . In tort there is no title to a thing before the right of action ripens in damages

recovered. There is a right of action, but not a thing in action; the thing recovered existing only by the recovery."

Thus the opinion, as well as the act, refers to the right of action, and speaks of the property only as being in the judgment. But the amendment clearly gives such right of action to the wife and to her alone. It provides, however, that nothing therein contained shall affect the right of the husband to maintain a separate action for any such injuries to the wife as then provided by law. That, of course, refers to the husband's right of action for the loss of his wife's services, and his expenses in consequence of her injuries, which is still preserved to him in his own right as it existed before the amendment. Thus we have in the complaint before us two separate and independent causes of action — one in favor of the wife in her own right and to her alone, and the other in favor of the husband in his own right and to him alone. Such was substantially the complaint in *Barnes v. Beloit*, 19 Wis., 93, where a demurrer was sustained by this court on the ground that several causes of action were improperly united. Such, undoubtedly, is the settled rule of practice in such cases. *Pier v. Fond du Lac*, 53 Wis., 432; *Schiffer v. Eau Claire*, 51 Wis., 392. The same rule has frequently been applied in New York to a complaint in an action by husband and wife. *Mann v. Marsh*, 35 Barb., 68; *Ackley v. Tarbox*, 31 N. Y., 564; *Palmer v. Davis*, 28 N. Y., 242. Nor do we think that sec. 2680, R. S., relieves the plaintiffs from the difficulty. That section merely authorized the husband to unite in the same complaint a cause of action in favor of himself with a cause of action in favor of himself and wife, and in which the recovery should be his alone. It did not at all contemplate the union in the same complaint of a cause of action in favor of himself with a cause of action in favor of the wife alone, and in which the recovery and judgment would belong to her alone.

If the legislature which enacted ch. 99, Laws of 1881, sup-

posed such separate and independent causes of action, thus in favor of different persons, could be united in the same complaint by reason of an expansion of sec. 2680, R. S. so as to include cases not contemplated at the time of its enactment, then they certainly not only failed to so express themselves in that chapter, but, on the contrary, inserted therein a sweeping repeal, and hence we should feel unauthorized to supply by forced construction what they thus omitted. We must, therefore, hold that a cause of action for an injury to the person or character of a married woman cannot be united in the same complaint with a cause of action for the husband's loss of services and expenses in consequence of such injury, notwithstanding such action is brought in the name of both husband and wife.

Whether under the amendment an action can be maintained by the husband and wife jointly, merely for the injury to the person or character of the wife, is not necessary here to determine. It seems to have been held in New York, under quite a similar statute, that it could not. *Rumsey v. Lake*, 55 How. Pr., 339. See, also, *Hill v. Duncan*, 110 Mass., 238; *Austin v. Cox*, 118 Mass., 58; *Musselman v. Gallgher*, 32 Iowa, 383; *Pancoast v. Burnell*, id., 394.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.