FIFE, Appellant, vs. THE CITY OF OSHKOSH, imp., Respondent. FIFE, Respondent, vs. THE CITY OF OSHKOSH, Appellant, and BECKWITH, Respondent.

*January 14 — March 5, 1895.*

*Municipal corporations: Injury from defective sidewalk: Primary liability of lot owner: Married women: Recovery for loss of time.*

1. A city charter making it the duty of the aldermen to keep a sidewalk in repair and free from obstructions at the expense of the abutting lot and of the owner thereof, in case the owner or occupant failed to do so, did not make such owner or occupant primarily liable for an injury caused by a failure to so keep the sidewalk in proper condition.

2. Ch. 471, Laws of 1889 (secs. 1339b, 1339c, S. & B. Ann. Stats.), did not create any liability against the lot owner in such a case.

3. In an action by a married woman for an injury which prevented her from attending to her separate business, she may recover damages for loss of her time as well as for pain and suffering.

APPEALS from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed on plaintiff's appeal; affirmed on that of the defendant city.*

On December 29, 1888, the plaintiff fell and was injured by reason of an alleged defect in the sidewalk in front of the block owned by the defendant *Beckwith*, in the defendant city. On March 23, 1889, the plaintiff gave notice in writing to the city clerk, stating the fact of said injury, the place where the same occurred, and describing the insufficiency and want of repair of said sidewalk. The defendants separately answered by way of admissions, denials, and counter allegations. At the close of the testimony the defendant *Beckwith* moved for a nonsuit, and the same was granted.

At the close of the trial the jury returned a special verdict to the effect (1) that the defendant city was guilty of negligence in permitting ice and snow to remain upon the sidewalk in front of the stairway of the *Beckwith* block; (2) that the plaintiff's injury was caused by such negligence; (3) that the alderman of that ward had knowledge of the existence of such snow and ice on the sidewalk in front of said stairway before said injury; (4) that, if the plaintiff was entitled to recover at all, she was entitled to recover for pain and suffering $300, and for loss of time $1,000; (5) that the sidewalk in front of the stairway in the *Beckwith* block was, at the time of the injury, unsafe by reason of the snow and ice. The plaintiff thereupon moved for judgment on the special verdict in favor of the plaintiff for $1,300 damages, together with costs of suit. The court thereupon ordered judgment for the plaintiff for $300 damages, and costs to be taxed, but refused judgment for damages for said loss of time. From the judgment entered accordingly the defendant city appeals. From so much of the judgment as refuses to give the plaintiff damages for such loss of time, she appeals.

For the plaintiff there were briefs by *Felker, Stewart & Felker*, attorneys, and a separate brief and oral argument by *Charles W. Felker*, of counsel. They argued, among other things, that plaintiff can recover in this action for loss of

time and the consequent injury to her business. "The right of the husband to maintain an action for any such injuries as now provided by law," preserved by the proviso in sec. 2345, S. & B. Ann. Stats., refers to the husband's right of action for the loss of his wife's *services* and his expenses in consequence of her injuries. *Shanahan v. Madison,* 57 Wis. 283. The "services" mentioned in the opinion in that case are the usual and ordinary domestic duties of the wife. Where the wife engages in a business foreign to and unconnected with her domestic duties, or in addition to her usual and ordinary marital affairs, without objection on the part of her husband, her earnings belong to her and are her separate property. And if she, by the negligence of another, is disabled and prevented from carrying on such business, the right of action and consequent damages belong to her. *Brooks v. Schwerin,* 54 N. Y. 349.

*H. I. Weed,* for the defendant city, contended, *inter alia,* that under sec. 2345, S. & B. Ann. Stats., an action for loss of services of the wife is preserved to the husband in his own right. *Shanahan v. Madison,* 57 Wis. 276. If he is entitled to recover for the loss of his wife's services, how can the wife also recover for the same loss of time? Certainly the defendant should not be compelled to pay twice for the same loss of services. The case of *Brooks v. Schwerin,* 54 N. Y. 343, is overruled in a later case. *Birkbeck v. Ackroyd,* 74 N. Y. 356.

For the defendant *Beckwith* there was a brief by *Bouck & Hilton,* and oral argument by *Gabe Bouck.*

CASSODAY, J. 1. It is contended in behalf of the city that ch. 471, Laws of 1889 (secs. 1339*b*, 1339*c*, S. & B. Ann. Stats.), made *Beckwith,* as abutting lot owner, primarily liable for the damages in question, and hence that the trial court improperly granted a nonsuit in his behalf and at the same time refused a nonsuit in favor of the city. But that chap-

ter does not undertake to create a liability against the adjoining lot owner, but merely to authorize an action against both the municipality and the wrongdoer. *Cooper v. Waterloo*, 88 Wis. 433. Besides, the act was not passed until some months after the injury in question. The mere fact that the charter made it the duty of the aldermen to keep the sidewalk in repair, and free and clear from all obstructions, at the expense of the adjoining or abutting lot thereon and the owner thereof, in case the owner or occupant failed to do so, did not make such owner or occupant primarily liable: *Ibid*. The provisions of the charter in question are in this respect, in effect, the same as in *Cooper v. Waterloo, supra*. What is there said disposes of this branch of the case. Here the ward is made liable to the city, and the occupant of the lot abutting upon such defective sidewalk is made liable to the ward. Sec. 29, subch. 10, ch. 183, Laws of 1883. Under the charter as it now stands the city is primarily liable. The statute in force at the time of the injury gave to the plaintiff no right of action therefor as against the lot owner. She certainly had no such right of action at common law. The nonsuit in favor of *Beckwith* was properly granted.

2. The evidence is sufficient to support the finding of the jury to the effect that the alderman had knowledge of the defect before the injury, and that the city was guilty of negligence which caused the injury. It does not appear that the plaintiff was guilty of contributory negligence. No error was committed in refusing a nonsuit in favor of the city.

The city can take nothing by its appeal, and so far as the judgment is against it and in favor of *Beckwith* the same is affirmed.

3. Error is assigned in behalf of the plaintiff because the court refused to allow her damages for loss of time, as assessed by the jury at $1,000. At the time of the injury the plaintiff was a cloak maker, and had been for sev-

eral years. She appears to have conducted such business in her own name, and separately and independently of any business of her husband. He does not appear to have participated in such business in any way. Prior to the injury, she had received, on the average, from the business at least $10 per week. She was entirely disabled and prevented from attending to her business for four or five months, by reason of such injury. After the expiration of the four or five months she was unable to do half as much as prior to the injury. The evidence tends to show that she was permanently disabled, and is apparently sufficient to support the verdict. The question recurs whether the damages resulting from such loss of time belonged to her or her husband.

The statute provides that "the individual earnings of every married woman, except those accruing from labor performed for her husband, or in his employ, or payable by him, shall be her separate property, and shall not be subject to her husband's control, or liable for his debts." R. S. sec. 2343. The case does not appear to come within any of these exceptions. Under this statute this court has gone so far as to hold that "a wife may lawfully contract with a firm, of which her husband is a member, to run a boarding house for them for a stipulated share of the profits, and the share so earned by her will be her separate estate." *Brickley v. Walker*, 68 Wis. 571, 573. See, also, *Barker v. Lynch*, 75 Wis. 624. From the discussions and decisions in these cases it logically follows that the damages in question belong to the plaintiff as "her separate property," within the meaning of the statute quoted. Under the statute she was authorized to "sue in her own name" and "have all the remedies of an unmarried woman in regard to her separate property or business," and also to "bring and maintain an action in her own name for any injury to her person or character the same as if she were sole." S. & B. Ann. Stats.

sec. 2345; *Shanahan v. Madison*, 57 Wis. 276; *Carney v. Gleissner*, 62 Wis. 493; *McLimans v. Lancaster*, 63 Wis. 599–602. It is unnecessary here to add to the discussion in the cases cited. The plaintiff is entitled to recover for her loss of time, as well as her pain and suffering, as found by the jury.

*By the Court.*— That part of the judgment of the circuit court appealed from by the plaintiff is reversed, and the cause is remanded with direction to enter judgment in favor of the plaintiff and against the defendant city in accordance with this opinion.