BRICKNER and another, Appellants, vs. KOPMEIER, Respondent.

*September 4—December 13, 1907.*

*Justices' courts: Appeals: Failure to bring cause to trial: Dismissal of appeal: Discretion: Pleading: Demurrer after appeal taken: Husband and wife: Joint injuries: Joinder of causes of action: Automobiles.*

1. Where a return on appeal from a justice's court was filed in the circuit court and the cause was not brought to a hearing at the two succeeding terms, at one of which no jury was called, the entry of an order at the next succeeding term that the cause stand for trial at the then instant term, in view of sec. 2831, Stats. (1898), is *held* to have been within the discretion of the circuit court.

2. In such case it is *held* that the circuit court properly allowed defendant to interpose a demurrer substantially like one that had been filed in the justice's court and overruled.

3. Plaintiffs, husband and wife, were injured by an automobile operated by defendant and brought an action in favor of both, alleging separate causes of action for the injuries each sustained. *Held,* that a demurrer on the grounds that several causes of action were improperly united and that there was a defect and misjoinder of parties plaintiff was properly sustained.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

It appears from the record that the plaintiffs are husband and wife; that September 25, 1905, as they were about to cross Grand avenue in Milwaukee, the wife was struck by an automobile owned and then operated by the defendant, and injured; that the plaintiffs thereupon commenced this action in a justice's court in favor of both plaintiffs to recover damages for the injuries sustained; that the complaint filed therein alleged one cause of action in favor of the plaintiff *Mary* and against the defendant, claiming $100 damages therefor, and another and separate cause of action in favor of the plaintiff *William* and against the defendant, claiming $100 damages therefor. To such complaint the defendant demurred on the grounds: (1) That the court had no jurisdiction of the subject matter; (2) that there was a defect and misjoinder of the parties plaintiff; (3) that the several causes of action had been improperly united; (4) that the complaint did not state facts sufficient to constitute a cause of action. The said demurrer was overruled by the justice. Thereupon the defendant answered by way of admissions, denials, and counter allegations, including contributory negligence. The cause being tried before the justice January 19, 1906, at the close thereof the justice found in favor of the plaintiffs and against the defendant, and assessed *William's* damages at $48.15 and *Mary's* damages at $75, making in all $123.15, for which judgment was entered in favor of the plaintiffs and against the defendant for the amount stated and $59.85 costs and disbursements. On January 27, 1906, the defendant appealed from said judgment to the circuit court, and the papers were filed therein February 15, 1906. On October 2, 1906, the plaintiffs obtained an order to show cause, based upon affidavits and the record, why the appeal should not be dismissed for the reason that the defendant had failed to bring said cause to trial or hearing either at the April or July term of the circuit court. The defendant answered said order to show cause

to the effect that he attempted to bring the cause to a hearing July 5, 1906, by having his answer withdrawn and his demurrer reinstated, but was prevented from doing so by the sudden and unexpected adjournment of the court; that for two and one-half months prior to October, 1906, the defendant's attorney was prevented from bringing the cause to a hearing by continued and serious illness and subsequent death in his family; that by inadvertence and oversight the cause was not brought to a hearing in July, 1906; that no jury was called for that July term. On October 22, 1906, the circuit court denied the application to dismiss the appeal and ordered the defendant to pay the attorneys for the plaintiffs $5 costs of motion, and upon payment thereof the cause was ordered to stand for trial in its regular order upon the then October, 1906, term, and further ordered that the defendant have leave to enter a demurrer to the complaint within ten days and payment of costs. Pursuant to the leave so given the defendant put in a demurrer substantially like the one filed in the justice's court, except that it is more specific as to the plaintiffs being husband and wife and each having a separate and distinct cause of action. On November 12, 1906, the circuit court ordered that such demurrer be and the same was sustained, on the ground that there was a defect and misjoinder of parties plaintiff, alleging separate and distinct causes of action in favor of each, and also on the ground that several causes of action had been improperly united, with leave to the plaintiffs within twenty days to serve an amended complaint. On February 23, 1907, the plaintiffs having failed to serve such amended complaint, it was adjudged that the complaint be and the same was thereby dismissed, with $66.05 costs. From that judgment the plaintiffs appeal.

For the appellants there was a brief by *Burke, Alexander & Burke,* and oral argument by *W. E. Burke.*

For the respondent there was a brief by *Phil. A. Grau,*

attorney, and *Henry V. Kane,* of counsel, and oral argument by *Mr. Kane.*

The following opinion was filed October 15, 1907:

CASSODAY, C. J.  1. The return on the appeal from the justice was filed in the circuit court February 15, 1906.  The cause was not brought to a hearing in the circuit court during its April term nor July term, 1906.  The statute declares that, if the appeal is not brought "to a hearing in the appellate court before the end of the second term after filing the return of the justice therein, such court shall dismiss the appeal, unless it shall continue the same by special order for cause shown."  Sec. 3766, Stats. (1898).  In construing the language thus employed this court has held that "the power to so continue the cause may be exercised after the end of the second term."  *Whitham v. Mappes,* 89 Wis. 668, 62 N. W. 430.  In reaching such conclusion reference is there made to another section [sec. 2831] of the statutes, which provides that, except as otherwise prescribed, the court may, in its discretion, on good cause shown, allow any proceeding in an action to be taken after the time limited by statute or by any order of court has expired.  Here, as indicated in the foregoing statement, upon cause shown by the defendant and upon his payment of costs imposed, the trial court refused to dismiss the appeal and ordered the cause to stand for trial at the then 1906 October term.  We cannot say that there was any abuse of discretion in making such order.

2. So the court, upon such showing, properly allowed the defendant to put in a demurrer substantially like the one he had filed with the justice who had overruled the same.

3. Error is assigned because the trial court sustained the demurrer to the complaint.  As indicated in the statement the plaintiffs are husband and wife.  The complaint states two separate causes of action: one for personal injury to

the wife, and the other for damages to the husband as a result of such injury. The trial court sustained the demurrer to the complaint on the grounds that several causes of action had been improperly united and that there was a defect and misjoinder of parties plaintiff. Counsel contend that the right to join such two causes of action in the same complaint is expressly given by the section of the statutes which declares:

"In any action by husband and wife to recover damages for any *injury to the person of the wife* sustained by or through the act, procurement or negligence of the defendant, or for which the defendant is liable, the plaintiffs may claim in the complaint, and prove and recover, all the damages sustained by both, and which might otherwise be recovered by separate actions." Sec. 2680, Stats. (1898).

This section must "be construed as a continuation" of the same section in the Revised Statutes of 1878, and not as a new enactment in the revision of 1898. Sec. 4985, R. S. 1878 and Stats. 1898. So construed it will be observed that sec. 2680 relates to the recovery of "damages for an injury to the person of the wife." Such "injury to the person of the wife," as the law then stood, resulted in damages to the husband for loss of service and medical attendance, and so the section provided that "all the damages sustained by both" husband and wife for such "injury to the person of the wife" might be recovered in the same action. Numerous cases of that kind are cited in *Shanahan v. Madison,* 57 Wis. 276, 281, 15 N. W. 154. As there stated, such an action was under the control of the husband, and the damages collected belonged to him.

Prior to 1881 a married woman was authorized to "sue in her own name, and shall have all the remedies of an unmarried woman in regard to her separate property or business, and to recover the earnings secured to her" by the statutes then in force. Sec. 2345, R. S. 1878. That section was

amended so as to authorize a married woman to "bring and maintain an action in her own name for any *injury to her person or character* the same as if she were sole," and making any judgment recovered in such action her "separate property and estate." Ch. 99, Laws of 1881. That statute has remained in force ever since. Sec. 2345, Stats. (1898). That act "took from the husband all right to or control over such action and all right to or interest in any judgment recovered therein." *Shanahan v. Madison,* 57 Wis. 276, 15 N. W. 154. Under it this court held, soon after its enactment, that "a cause of action for an injury to the person or character of a married woman cannot be united in the same complaint with a cause of action for the husband's loss of services and expenses in consequence of such injury, notwithstanding the action is brought in the name of both husband and wife." Id. There has been no departure in this court from the ruling thus made. *McLimans v. Lancaster,* 63 Wis. 596, 23 N. W. 689; *Fife v. Oshkosh,* 89 Wis. 540, 544, 545, 62 N. W. 541; *Selleck v. Janesville,* 104 Wis. 570, 577, 80 N. W. 944; *Green v. Nebagamain,* 113 Wis. 508, 515, 89 N. W. 520; *Boyd v. Mut. F. Asso.* 116 Wis. 155, 176, 90 N. W. 1086, 94 N. W. 171. It follows that the demurrer to the complaint was properly sustained.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied December 13, 1907.