BAER, Respondent, vs. HEPFINGER, Appellant.

*February 18—March 11, 1913.*

*Assault and battery: Action by married woman: Damages: Loss of time: Instructions to jury: Appeal: Harmless errors: Release by husband: Consideration: Estoppel.*

1. In an action for assault and battery, brought by a married woman living with her husband, it was error to instruct the jury to award the plaintiff all damages she "actually sustained from actual personal injury, *including loss of time,*" etc. The cause of action for such loss of time belongs to the husband.

2. In this case, however, such error is *held* not to have affected any substantial right of the defendant, it appearing that the assault was an aggravated one of a revolting nature, the loss of time trifling, and the damages probably not greater than would have been awarded if the erroneous instruction had not been given, and also that, as a condition of awarding judgment on the verdict for plaintiff, the trial court required plaintiff's husband to execute to defendant a release of all damages which he might be entitled to recover for loss of his wife's services.

3. The release so executed by the husband was founded on a sufficient consideration, or, in any event, he would be estopped thereby from maintaining an action for the loss of his wife's services.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *T. M. Holland.*

For the respondent there was a brief by *Kleist, Sanderson & Harriman,* and oral argument by *J. C. Kleist.*

BARNES, J.    The plaintiff, a married woman living with her husband, brought this action to recover damages for an indecent assault made on her by the defendant. The jury found the issues in favor of the plaintiff and assessed her damages at $750. The court instructed the jury to award the plaintiff all damages she "actually sustained from actual

personal injury, including loss of time, bodily pain and suffering, and ability to do her work," etc.

The only point raised by the appellant is that the cause of action for loss of time belongs to and is the property of the husband and that it was error to permit the jury to assess damages therefor in favor of the wife.    Sec. 2343, Stats. *Bading v. Milwaukee E. R. & L. Co.* 105 Wis. 480, 81 N. W. 861, and *Brickner v. Kopmeier,* 133 Wis. 582, 113 N. W. 414, are cited as so holding.    Respondent's counsel practically concede that the law is as claimed by the appellant and the concession is advisedly made.    The instruction was erroneous, and if prejudicial the judgment cannot be permitted to stand.

The evidence tending to show loss of time was of the most meager character.    It was to the effect that she suffered from the assault for six months and could not do a full quantum of work during that time, but that with the exception of two weeks she attended the store and did her husband's work except the family washing.    No evidence was offered tending to show the value of the services alleged to have been lost, but the jurors might infer from the instruction given that they had the right to use their own knowledge in fixing a value on the services; so the absence of this proof did not tend to minimize the error.

The jury evidently believed the plaintiff's version of the transaction, and if her testimony was true she was the victim of an aggravated assault of a revolting nature, and in all probability it was for this and not for any trivial loss of time that the jury assessed the damages which were awarded.

A motion was made by plaintiff for judgment on the verdict and by the defendant for a new trial.    The court announced that it would grant plaintiff's motion on condition that plaintiff's husband tender to the defendant a release of all damages which he might be entitled to recover for loss of his wife's services.    Such a release was tendered, which not

only included the element of loss of time, but all other claims and causes of action which the husband might have against the defendant which arose out of the assault. After the execution of such release judgment was ordered for plaintiff. We think this release was founded on a sufficient consideration, and that in any event the husband would now be estopped by his acts from maintaining an action to recover for the loss of the services of the wife.

We may not reverse for error unless it appears that the error complained of has affected the substantial rights of the party seeking to reverse the judgment. Sec. 3072m, Stats. It is not probable that the verdict is any larger than it would be if the erroneous charge had not been given. However this may be, the husband is now precluded from securing any additional recovery for services, and if damages for loss of services are included in the verdict the defendant has had the benefit of being able to litigate in one action what might be made the subject of two suits, and it is not apparent that he has not been benefited rather than injured by the error of which he complains.

*By the Court.*—Judgment affirmed.