ANN FITZGERALD, Respondent, v. CHARLES Q. QUANN, Impleaded, etc., Appellant.

Statutes changing the common law are to be strictly construed, and the latter will be held to be no further abrogated than the clear import of the language used in the statutes absolutely requires.

The various statutes upon the subject of the rights and liabilities of husband and wife have not abrogated the rule of the common law making the husband liable for the torts of the wife.

The provision of the statute of 1862 (§ 7, chap. 172, Laws of 1862) declaring that a married woman may be sued in any of the courts of the state, and that a judgment recovered against her may be enforced by execution against her separate estate "in the same manner as if she were sole," does not assume to enact that the wife may sue alone in all cases, but that when suable, i. e., in actions in reference to her separate estate, she may be sued in any of the courts.

The common law rule is not altered by the provision of the Code of Civil Procedure (§§ 450, 1206) in regard to actions and judgments for or against married women.

(Argued April 17, 1888; decided June 5, 1888.)

APPEAL by defendant, Charles Q. Quann, from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 31, 1884, which reversed a judgment in favor of said defendant entered upon an order setting aside a verdict in favor of plaintiff against said defendant and dismissing the complaint as to him. (Reported below, 33 Hun, 652.)

The defendants were husband and wife and the action was brought against them for slanderous words spoken by the wife against the plaintiff.

*James Wood* for appellant. The husband was not, at common law, and is not now liable, for the torts of his wife. (Bishop on Married Women [5th ed.] § 254; *Chapel* v. *Rowell*, 17 C. B. [N. S.] 743, 748, *Kowing* v. *Manly*, 49 N. Y. 192, 201.) The rule of the common law that the husband is a necessary party in an action for his wife's torts, has been

abrogated by the statutes of this state, and he is now not only not a necessary party, but, if made a party, the action cannot be maintained against him. (1 Coke on Littleton, § 138, 97 *b ; Johnson* v. *Rogers,* 35 Hun, 267 ; *Bertles* v. *Nunan,* 92 N. Y. 156 ; 1 Kent. 464 ; *Shults* v. *Shults,* 27 Hun, 28 ; Broom's Maxims, 4.) From the subjugated position to which the common law reduced the wife, the statutes of this state have released her, elevated her to the sphere in life to which as a wife she is entitled, made her the equal instead of the servant of the husband, and gave her, equally with him, the control and management of her person and property. (Laws of 1848, chap. 200 ; Laws of 1849, chap. 375 ; Laws of 1851, chap. 321 ; Laws of 1853, chap. 576 ; Laws of 1858, chap. 187 ; Laws of 1860, chap. 90 ; Laws of 1862, chap. 172 ; art. 3, tit. 3, chap. 6, R. S. p. 98, § 79 ; Laws of 1867, chap. 782 ; Code of Civ. Pro., § 450 ; Laws of 1880, chap. 472.) If full effect is given to the statutes, and the plain natural meaning given to the words used, the husband would not have any more control over or interest in the property of his wife, or in her right to earn money by her labor or business of any kind, than the wife has over the property, business and labor of the husband. (*Perkins* v. *Cottrell,* 15 Barb. 446 ; *Westervelt* v. *Gregg,* 12 N. Y. 202 ; *Billings* v. *Baker,* 28 Barb. 343, 355 ; *In re Winne,* 1 Lans. 108 ; *Hatfield* v. *Sanders,* 54 N. Y. 280 ; *Rawson* v. *Nichols,* 22 id. 110 ; *Barnes* v. *Underwood,* 3 Lans. 526 ; *Meeker* v. *Wright,* 76 N. Y. 262 ; *Bertles* v. *Nunan,* 92 id. 152.) The maxim *cessante ratione legis, cessat ipsa lex* applies. (*McCarty* v. *Terry,* 7 Lans. 236.) The common-law rule has been abrogated, which made the husband a necessary party, and liable for any recovery that might be had in actions against his wife for her torts as well as for her contract liablities. (*Winans* v. *Peeble,* 31 Barb. 371 ; *Wright* v. *Wright,* 54 N. Y. 437 ; *Mack* v. *Mack,* 3 Hun, 94 ; *Fairbanks* v. *Mothersell,* 60 Barb. 406 ; *Savage* v. *O'Niel,* 42 id. 374 ; affirmed, 44 N. Y. 298 ; *Brace* v. *Gould,* 1 Sandf. Ch. 226 ; *Ransom* v. *Penn. R. R. Co.,* 48 N. Y. 212 ; *Reed* v. *Gannon,* 50 id. 345, 352 ; *Seymour* v. *Fellows,* 77 id. 178 ;

*Brooks* v. *Weaver*, 3 Alb. L. J. 283; *Graff* v. *Kinney*, 37 Hun, 405; *Bitter* v. *Rathman* 61 N. Y. 512; *Scott* v. *Conway*, 58 id. 619; *Bodine* v. *Killeen*, 53 id. 93; *Knapp* v. *Smith*, 27 id. 277; *Faerlie* v. *Bloomingdale*, 38 Hun, 220; *Swartz* v. *Swartz*, 27 id. 26; *Brainerd* v. *White*, 7 N. Y. Code Pro. Rep. 43; *Liebing* v. *Vetter*, 2 Civ. Pro. Rep. 391; 12 Abb. N. C. 302, *n.*; *Laude* v. *Smith*, 6 Civ. Pro. Rep. 51; *Mangam* v. *Peck*, 6 N. Y. S. Rep., 62; *Martin* v. *Robson*, 65 Ills. 129; *Cole* v. *Van Riper*, 44 id. 58; 2 Bishop on Married Women, 21; *Martin* v. *Robson*, 5 Chicago Legal News, 304; *Dunning* v. *Pike*, 49 Me. 461; *McLaren* v. *Hall*, 26 Iowa, 279.)

*Treadwell Cleveland* for respondent. At common law the husband is liable, with his wife, for her torts committed during coverture, in an action to be brought against husband and wife jointly. (*Bertles* v. *Nunan*, 92 N. Y. 156, 157, 165; Bac. Abr. Baron and Feme, L.; Co. Litt. §§ 168, 187, 291, 665; 1 Bl. Com. 442; *Rowe* v. *Smith*, 45 N. Y. 233; *McQueen* v. *Fulgham*, 27 Tex. 467; Reeves' Dom. Rel. 69, 70, 72; *Capul* v. *Powell*, 17 C. B. [N. S.] 743, 748; *McMichael* v. *Kane*, 25 Daily Reg. [June 27, 1884], 1225; *S. C.*, 5 Legal Ad. 263; *Head* v. *Briscoe*, 5 Car. & P. 484–486; *Clayton* v. *Adams*, 6 T. R. 604; *Marshall* v. *Rutton*, 8 id. 545; *Ferguson* v. *Brooks*, 67 Me. 251, 255; *Kowing* v. *Manly*, 49 N. Y. 192, 198, 201–203; 2 Kent's Com. 149; 1 Addis. on Torts [6th ed., 1887], 122–124; Schouler on Husband and Wife, §§ 133–139; Stewart on Husband and Wife, §§ 14, 66; *Goulding* v. *Davidson*, 26 N. Y. 604, 606; *Baum* v. *Mullen*, 47 id. 577; *Bowe* v. *Smith*, 45 id. 233; *Bertles* v. *Nunan*, 92 id. 161; *Vanneman* v. *Powers*, 56 id. 43; *Tait* v. *Culbertson*, 57 Barb. 9; *Wainford* v. *Heyl*, L. R., 20 Eq. 321; *Phillips* v. *Barnett*, 1 Q. B. D. 436; *Freethy* v. *Freethy*, 42 Barb. 641; *Schultz* v. *Schultz*, 89 N. Y. 644; reversing *S. C.*, 27 Hun, 26; *Longendyke* v. *Longendyke*, 44 Barb. 366; *Perkins* v. *Perkins*, 62 id. 531.) As statutes in derogation of the common law must be construed strictly, the husband's liability still con-

tinues unless expressly removed. There is nothing, either expressed or implied, in section 450 or any other section of the Code of Civil Procedure, or in the various married women's acts, or other statutes of this state, which, in any sense or degree, modifies or restricts the common-law liability of the husband for his wife's torts, and his liability to be joined with her as a party defendant in all actions therefor. (Laws of 1848, chap. 200, as amended by chap. 375, Laws of 1849; Laws of 1860, chap. 90; § 3 of the act of 1860, as amended by chap. 172, Laws of 1862; Laws of 1867, chap. 887; Laws of 1876, chap. 182; Laws of 1884, chap. 381; Laws of 1853, chap. 57; Laws of 1862, chap. 172, § 5; Laws of 1880, chap. 245.) It is not to be presumed that the legislature intended to make any innovation upon the common law further than the case absolutely required. (1 Kent's Com. 464; Potter's Dwarris on Stat. 185; *Bertles* v. *Nunan*, 92. N. Y. 157; *Linderman* v. *Farquharson*, 101 id. 434; 92 id. 159, 160, 165; Shouler on Husband and Wife, § 137; *Janinski* v. *Heidelberg*, 21 Hun, 439; *Muser* v. *Lewis*, 18 J. & S. 439, 440; *Wainford* v. *Heyl*, L. R., 20 Eq. 321, 324.) The husband still remains liable to support and protect his wife, and is responsible to society for the good order and decency of his household. (*Coleman* v. *Burr*, 93 N. Y. 24, 25.) The common-law rules, as to the liability of the husband for the torts and crimes of his wife, are still substantially in force. (*Rowe* v. *Smith*, 45 N. Y. 230, 233; *Baum* v. *Mullen*, 47 id. 577, 579; *Goulding* v. *Davidson*, 26 id. 604, 606; *Vanneman* v. *Powers*, 56 id. 43; *Matthews* v. *Fiestel*, 2 E. D. Smith, 90, 91; *Tait* v. *Culbertson*, 57 Barb. 9; *Muser* v. *Lewis*, 18 J. & S. 431; *Trebing* v. *Vetter*, 2 Civ. Pro. [McCarthy] 391; *Fitgerald* v. *Quann*, 33 Hun, 652; *McMichael* v. *Kane*, 25 Daily Reg. 1225; *Wainford* v. *Heyl*, L. R., 20 Eq. 321; *Seroka* v. *Kattenburg*, 17 Q. B. D. 177, 179, 180; 21 L. J. 522, 523; *Scott* v. *Morley*, 20 Q. B. D. 120; *White* v. *Wager*, 25 N. Y. 332, 333; *Perkins* v. *Perkins*, 62 Barb. 531; *Ritter* v. *Ritter*, 31 Pa. St. 396; *Bear's Adms.* v. *Bear*, 33 id. 109; *Pettit* v. *Fretz*,

id. 118; *Diver* v. *Diver,* 56 id. 109 ; *Freethy* v. *Freethy,* 42 Barb. 641 ; *Longendyke* v. *Longendyke,* 44 id. 366 ; *Shultz* v. *Shultz,* 89 N. Y. 644; reversing *S. C.,* 27 Hun, 26 ; Stewart on Husband and Wife, § 66; *McElfresh* v. *Kirkendall,* 36 Iowa, 224; *Coleman* v. *Burr,* 93 N. Y. 18, 24.)

PECKHAM, J. The very satisfactory opinion delivered by the learned justice at the General Term, when this case was before that court, renders it unnecessary to enter upon any general discussion of the question in this court. The counsel for the defendant, in his argument before us, conceded the rule to be well established and almost universally acted on, that statutes changing the common law must be strictly construed, and that the common law must be held no further abrogated than the clear import of the language used in the statutes absolutely requires. However much modern judges might sometimes be inclined to doubt the beneficial results to be derived from an always strict adherence to the rule, grounded upon some possible doubts of the high order of excellence in all cases of the common law, or of its being without exception the perfection of human reasoning in any other than a very narrow, technical and one-sided way, yet the rule itself is too securely and firmly established and grounded in our jurisprudence to be altered other than by legislative interference. This court acted upon such rule in the late case of *Bertles* v. *Nunan* (92 N. Y. 152), and because there was no statute which plainly altered it, the common law was held in that case to remain the law in this state in regard to the conveyance of real estate to a husband and wife jointly, and that upon the death of either the survivor took the whole estate.

It is claimed, however, that there is an express enactment abrogating the common law in regard to the liability of a husband for the torts of his wife, and that such enactment is to be found in chapter 172 of the Laws of 1862, entitled " An act to amend the act entitled an act concerning the rights and liabilities of husband and wife, passed March 20, 1860." The court is referred to section 7 of the act, which reads : "A

married woman may be sued in any of the courts in this state, and whenever a judgment shall be recovered against a married woman, the same may be enforced by execution against her sole and separate estate in the same manner as if she were sole."

This section clearly does not reach any such result. It evidently contemplates the existence of causes where it would be proper to sue a married woman alone, for the provision making her sole and separate estate liable on execution upon a judgment recovered against her would lead one to that inference. But the section does not assume to state what those causes are. This is done in the third section of the same act, which amends the seventh section of the act of 1860, and in this amended section it is stated that " a married woman may, while married, sue and be sued in all matters having relation to her sole and separate property, or which may hereafter come to her by descent, devise, bequest, purchase or the gift or grant of any person, in the same manner as if she were sole; and any married woman may bring and maintain an action in her own name for damages against any person or body corporate for any injury to her person or character, the same as if she were sole," etc. In the subsequent section of the act of 1862 ( § 5), it is provided that in an action brought or defended by any married woman in her name, her husband shall not, neither shall his property, be liable for the costs thereof or the recovery therein. It is thus seen that in a statute which legislates upon the subject of the rights and liabilities of husband and wife a portion of one section treats of the rights of the wife as to suing and being sued " in the same manner as if she were sole," and the cases are stated in which she may be thus sued, and the case of a tort committed by her during coverture for which a suit is brought (also during coverture) is not embraced therein. This brief examination of the statute makes it still clearer that the seventh section, above quoted, did not assume to enact that a married woman was to be sued alone in all cases, but simply that, when suable, she could be sued in any of the courts of the state. We think there was no express legislation in this act which alters the common law in relation to this question.

It is claimed, however, that section 450, when taken in connection with section 1206 of the Code, alters the rule. Section 450 reads: "In an action or special proceeding a married woman appears, prosecutes or defends, alone or joined with other parties, as if she was single, it is not necessary or proper to join her husband with her as a party in any action or special proceeding affecting her separate property." The second sentence of the above section was added in 1879. If it be assumed that, without it, the first sentence of the section had made an alteration in the common law, and that under such first sentence a married woman was to be sued alone in all cases as if she was single, we think the addition of the second sentence places the law where it was before the passage of any part of the section. Some meaning must be given the words and some purpose attached to the legislative will, if it be possible to do so. That meaning and purpose are, as it seems to us, to state the cases in which it is not necessary to join her husband under the provisions of the first sentence of the section. If it were not intended to effect an alteration to that extent and in that manner, it cannot be seen what earthly purpose is effected by the amendment. The section, as it stood before the amendment, certainly rendered it unnecessary to join her husband with the wife in cases affecting her separate property, and unless the effect of the amendment be to state those cases where such joining is unnecessary, leaving it necessary in all other cases, it is difficult, if not impossible, to give any sense or meaning to the amendment.

In our opinion, such is and was intended to be the effect of the amendment, and, unless in cases affecting her separate property, a married woman should be sued with her husband. This result is not affected by the language of section 1206 of the Code, which reads thus: "Judgment for or against a married woman may be rendered and enforced in a court of record, or not of record, as if she was single." This section refers, as it states in plain language, to the enforcement of a judgment against a married woman, and has no reference to

the question of when it is proper or necessary to join her husband in suits against herself.

This brief summary is all that it is thought necessary to say on this subject in addition to what has been so well said at the General Term. It is not possible to reconcile the various decisions of the Supreme Court upon this question, nor do we regard it as of very great importance which way it is decided. We cannot see, with the clearness necessary for an alteration of the common law, that the various statutes upon the subject of the rights and liabilities of married women, have, by their general scope, bearing and effect, by necessary implication, as claimed by counsel, altered the law and rendered it unnecessary to join the husband with the wife in such a case as this. A lengthy discussion of those acts, and of the reasons which lead us to this conclusion, would serve no useful purpose, and will, therefore, not be entered upon.

The judgment appealed from should be affirmed, with costs.

All concur, except DANFORTH and FINCH, JJ., dissenting.

Judgment affirmed.