GENENZ *v.* DE FOREST.

(*Supreme Court, General Term, Third Department.* July 2, 1888.)

1. PARTIES—ACTIONS AGAINST MARRIED WOMEN—JOINDER OF HUSBAND.
   In an action against a married woman for damages caused by the bite of a dog which was kept upon defendant's premises, her husband is a necessary party, though the husband has been adjudged a lunatic, and defendant appointed as his committee.

2. ANIMALS—INJURIES BY VICIOUS DOG—EVIDENCE.
   Proof that a dog ran after and barked at two girls, which scared them, grabbed at a man's coat, and jumped for a woman's shoulder when she went in a wood-shed where he was tied, is not sufficient to show that the dog was vicious.

Action by Fritz Genenz against Mary T. De Forest to recover for a dog bite. There was judgment for defendant, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*A. J. Parker,* for appellant. *E. L. Fursman,* for respondent.

LEARNED, P. J. The defendant alleged in her answer that she was a married woman. She proved this on the trial. In the case of *Fitzgerald* v. *Quann,* 17 N. E. Rep. 354, (lately decided by the court of appeals, affirming the same case in 33 Hun, 652,) the court say that, "except in cases affecting her separate property, a married woman should be sued with her husband." That was an action for slander. This is an action for injuries caused by plaintiff being bitten by a dog which did not belong to defendant, but which the proof showed to have been on premises occupied by her, and which the plaintiff claimed to have been harbored by her. The dog which bit in this case was no more the woman's separate estate than the tongue which uttered

the slanders in the other.　We think that case is decisive of this.　If that case is not quite in harmony with *Rowe* v. *Smith*, 45 N. Y. 230, the later decision should be followed.　We think the objection was sufficiently stated in the answer to allow defendant to avail herself of it upon the trial.　The plaintiff urges that the fact that a committee has been appointed for the husband, and that this defendant is such committee, takes this case out of the rule as now settled by the court of appeals.　We think not.　It is remarked in the opinion in that case that it is not of very great importance how the question is decided; and it is not worth while to begin to make exceptions to a plain rule.

We may say, further, that there is little, if any, evidence of viciousness in the dog prior to the accident.　Two girls were passing along the highway.　The dog ran out and barked, and ran towards them, but did nothing.　They were frightened.　So they might have been at a mouse, but it would not follow that the mouse was vicious.　The dog grabbed a coat hanging down from a man's shoulder.　The dog was tied in a wood-shed, and jumped for Mrs. Genenz's shoulder when she went in.　Reynolds, who worked for the defendant, and who brought the dog to defendant's house, kept him chained.　This is substantially all the proof of viciousness; and it shows little but the playfulness of a puppy, which the animal was.　There was hardly the *scintilla* of evidence spoken of in *Dwight* v. *Insurance Co.*, 103 N. Y. 358, 8 N. E. Rep. 654.　Judgment affirmed, with costs.

LANDON and INGALLS, JJ., concur.