SYLVESTER S. MANGAM et al., as Executors, etc., Respondents, *v.* RICHARD W. PECK, Impleaded, etc., Appellant.

The rule of the common law making a husband liable for the tortious acts of his wife, was not abrogated by the Code of Civil Procedure and is still in force.

Accordingly *held*, that a husband was properly joined with his wife, as defendant, in an action to recover damages for a fraud perpetrated by the wife.

(Submitted October 19, 1888; decided November 27, 1888.)

APPEAL by defendant, Richard W. Peck, from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 23, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict and which denied a motion for a new trial.

The action was brought to recover damages against defendant Richard W. Peck and Ellen E. K. Peck, his wife, for the torts committed by the latter.

The proofs showed that an application was made to these plaintiffs for a loan of $4,000, by defendant Ellen Peck, representing herself as acting for her husband. During the negotiation, and as authority for her acts, she presented a letter purporting to come from her husband. She delivered a bond and mortgage to the plaintiffs as security for the loan, purporting and represented by her to be executed by her husband. She was not authorized to effect the loan, and the letter, bond and mortgage were admitted to be forgeries, and, in an action between these same parties, the latter instruments were adjudged to be forgeries and void as against the husband, and the mortgage was canceled of record. Pending the action referred to, these plaintiffs instituted a suit to foreclose their mortgage, which Richard Peck successfully defended, alleging the forgeries. These plaintiffs obtained a verdict for the expenses incurred in the prosecution and

defense by them of the actions, and for the $4,000, with interest thereon, advanced by them on the faith of the pretended mortgage.

*Richard W. Peck* for appellant. It is not proper to join, as a party defendant, the husband in an action for the personal torts of his wife. (Code of Civil Pro. § 450; *Fitzgerald* v. *Quann*, 109 N. Y. 441.) The husband is not liable for a tort by the wife. (*Cassin* v. *Delany*, 38 N. Y. 178; Schouler on Husband and Wife, § 135; *Kowing* v. *Manly*, 49 N. Y. 198, 200, 201.) Nor where the basis of fraud is the wife's contract, or in a case of mixed contract and tort. (Schouler on Husband and Wife, § 138; *Liverpool Adelphia Loan Ass'n.* v. *Fairhurst*, 9 Exch. 422; *Woodward* v. *Barnes*, 46 Vt. 332; *Keen* v. *Hartman*, 48 Penn. St. 497; *Barnes* v. *Harris*, Busbee, 15; *Carleton* v. *Haywood*, 49 N. H. 314; 1 Bishop on Married Women, § 906.)

*William V. Rowe* and *Treadwell Cleveland* for respondents. A husband is liable for his wife's tort. (*Fitzgerald* v. *Quann*, 109 N. Y. 441; 33 Hun, 652.) At common law the husband is liable with his wife for her torts committed during coverture, in an action to be brought against husband and wife jointly. (*Bertles* v. *Nunan*, 92 N. Y. 156, 157, 165, 198, 203; Bacon's Ab., Baron and Feme L.; Coke Litt. §§ 168, 187, 391, 665; 1 Bl. Comm. 442; *Rowe* v. *Smith*, 45 N. Y. 233; *McQueen* v. *Fulgham*, 27 Tex. 467; Reeve's Dom. Rel. 69, 70, 72; *Capel* v. *Powell*, 17 C. B. [N. S.] 743, 748; *McMichael* v. *Kane*, 25 N. Y. D'ly Reg. 1225; 5 Legal Ad. 263; *Head* v. *Briscoe*, 5 C. & P. 484, 485, 486; *Clayton* v. *Adams*, 6 T. R. 604; *Marshall* v. *Rutton*, 8 T. R. 545; *Ferguson* v. *Brooks*, 67 Me. 251, 255; 2 Kent's Com. 149; 1 Addison on Torts [6th ed. 1887], 122, 124; Schouler on Husband and Wife, §§ 138, 139; Stewart on Husband and Wife, §§ 14, 66; *Goulding* v. *Davidson*, 26 N. Y. 604, 606; *Baum* v. *Mullen*, 47 id. 577; *Rowe* v. *Smith*, 45 id. 233; *Vanneman* v. *Powers*, 56 id. 43; *Tait* v. *Culbertson*, 57 Barb. 9;

*Wainford* v. *Heyl*, L. R., 20 Eq. 321; *Freethy* v. *Freethy*, 42 Barb. 641; *Schultz* v. *Schultz*, 89 N. Y. 644; 27 Hun, 26; *Longendyke* v. *Longendyke*, 44 Barb. 366; *Perkins* v. *Perkins*, 62 Barb. 531.) There is nothing, either expressly or implied, in section 450, or any other section of the Code of Civil Procedure, or ·in the various married women acts, or other statutes of this state, which, in any sense or degree, modifies or restricts the common-law liability of the husband for his wife's tort, and his liability to be joined with her as a party defendant in all actions therefor. (1 Kent's Comm. 464; Potter's Dwarris on Stat. 185; *Bertles* v. *Nunan*, 92 N. Y. 157, 160; *Linderman* v. *Farquharson*, 101 id. 434; Schouler on Husband and Wife, § 137; *Janinski* v. *Heidelberg*, 21 Hun, 439; *Muser* v. *Lewis*, 50 N. Y. Super. Ct. [18 J. & S.] 431, 439, 440; *Wainford* v. *Heyl*, L. R., 20 Eq. 321, 324; *Coleman* v. *Burr*, 93 N. Y. 24, 25; *Rowe* v. *Smith*, 45 id. 230, 233; *Baum* v. *Mullen*, 47 id. 577, 579; *Goulding* v. *Davidson*, 26 N. Y. 604, 606; *Vanneman* v. *Powers*, 56 id. 43; *Matthews* ·v. *Fiestal*, 2 E. D. Smith, 90, 91; *Tait* v. *Culbertson*, 57 Barb. 9; *Trebing* v. *Vitter*, 2 Civ. Pro. [McCarty], 391; *Fitzgerald* v. *Quann*, 33 Hun, 652; 109 N. Y. 441; *McMichael* v. *Kane*, 25 Daily. Reg. 1225; *Serokan* v. *Kattenberg*, 17 Q. B. D. 177, 179, 180; 21 Eng. L. J. 522, 523; *Scott* v. *Morley*, 20 Q. B. D. 120.) Statutes removing the disabilities of married women cannot be considered as enlarging or modifying the liabilities of husbands. (*White* v. *Wager*, 25, N. Y. 332, 333; *Perkins* v. *Perkins*, 62 Barb. 531; *Ritter* v. *Ritter*, 31 Pa. St. 396; *Bear's, Admr.,* v. *Bear*, 33 id. 527; *Pettit* v. *Fretz*, 33 id. 118; *Diver* v. *Diver*, 56 id. 100; *Freethy* v. *Freethy*, 42 Barb. 641; *Longendyke* v. *Longendyke*, 44 id. 366; *Schultz* v. *Schultz*, 89 id. 644; 27 Hun, 26; Stewart on Husband and Wife, § 66; *McElfresh* v. *Kirkendall*, 36 Iowa, 224, 225; *Coleman* v. *Burr*, 93 N. Y. 18, 24.)

Gray, J. The sole question presented by this appeal is as to the liability of this defendant for the tortious acts com-

mitted by his wife, the defendant, Ellen Peck. There is no question but that the plaintiffs had a perfect cause of action for the losses occurring to them as the direct result of the fraud and deception practiced by her upon them. That being the case, it falls within the principle lately decided by us in *Fitzgerald* v. *Quann* (109 N. Y. 441). In that case, which was an action to recover for the injury caused by the slanderous words spoken by the wife, and in which her husband was joined with her as defendant, we held that the common-law rule of liability had not been abrogated, either by express legislation or by the provisions of the Code of Civil Procedure. Nothing in the appellant's case suggests any distinction in principle between it and that of *Fitzgerald* v. *Quann*. The record exhibits no errors upon the trial and the judgment should be affirmed, with costs.

All concur, except DANFORTH and FINCH, JJ., not voting.

Judgment affirmed.