JOSIE QUILTY, AN INFANT, BY JUDSON O. WHELDON, HER GUARDIAN, RESPONDENT, *v.* REBECCA B. BATTIE AND ANOTHER, APPELLANTS.

*Torts — harboring a vicious dog — a wife is liable for harboring such a dog belonging to her husband — the husband is a proper party defendant.*

In an action based upon the harboring of a dog known to be vicious, it appeared that the defendants were husband and wife, living upon premises owned by the wife, both contributing to the family support. The dog was owned by the husband, but was harbored by the wife.

*Held,* that the wife was liable for an injury done by the dog to the plaintiff.

That the tort being that of the wife the husband was a proper party defendant.

APPEAL by the defendants, Rebecca B. Battie and Joseph M. Battie, from a judgment, entered in the office of the clerk of the county of Washington on the 10th day of February, 1891, in favor of the plaintiff, after a trial at the Washington Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $600, with notice of an intention to bring up for review upon such appeal an order, entered in said clerk's office on the 30th

day of January, 1891, denying the defendants' motion for a new trial upon the minutes of the court.

*L. H. Northup*, for the appellants.

*C. C. Van Kirk*, for the respondent.

LANDON, J.:

Defendants were husband and wife, living together upon premises owned by the wife, both contributing to the household expenses. The husband bought a dog and brought it upon the premises. The jury found, upon evidence justifying the finding, that the dog was vicious, and known by the wife to be so; and that she harbored it upon the premises with knowledge of its vicious propensities. The dog, not being confined, went upon neighboring premises and there bit the plaintiff. Harboring this dog was the personal act of the wife; allowing it to escape, knowing that its vicious propensities might cause injury to others, was her personal tort, and she was liable for the resulting injury. (*Genenz* v. *De Forest*, 49 Hun, 364; *Keenan* v. *Gutta Percha Mfg. Co.*, 46 id., 544.)

Being the personal tort of the wife, her husband was properly joined as defendant. (*Fitzgerald* v. *Quann*, 109 N. Y., 441.)

The judgment should be affirmed, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment affirmed, with costs.