## BRADLEY v. SHAFER et al.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

1. ACTION AGAINST WIFE—PARTIES—AMENDMENT AFTER VERDICT.

    Plaintiff brought an action against S. and her husband for enticing plaintiff's daughter from his home and keeping her at defendants' house, where she was seduced by S.'s son, but demanded judgment for damages against S. only. The jury returned a verdict for $2,500 damages, after which the court allowed the complaint to be amended so as to demand damages against both defendants. *Held* unauthorized by Code Civil Proc. § 723, permitting conformation of the pleadings to the facts proved "where the amendment does not change substantially the claim or defense."

2. PARENT AND CHILD—LIABILITY FOR TORTS OF CHILD—EVIDENCE.

    There being testimony that S. induced plaintiff's daughter to leave her home, and that she knew the bad character of her son, connived at his acts, and prevented plaintiff's daughter from returning to her home, and left her alone for days exposed to the solicitations of the son, the court properly submitted the case to the jury.

Appeal from circuit court, Albany county.

Action by William Bradley against Margaret Shafer and Robert Shafer. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Frank Kampfer*, for appellants.    *Henry T. Sanford*, (*Eugene Burlingame*, of counsel,) for respondent.

PUTNAM, J. This is an appeal from a judgment in favor of plaintiff, entered February 4, 1891, and from an order denying a motion made to set aside the verdict and grant a new trial because the verdict is against evidence, and the damages excessive, and also from an order allowing an amendment to the complaint after the verdict. The action is for wrongfully and maliciously enticing plaintiff's daughter from the home of her parents to defendants' house, and there keeping her under the control of defendants against the wish and consent of plaintiff. She was seduced by defendants' son in the house of defendants, while thus kept away from her own parents. The complaint in this case, after stating the plaintiff's alleged cause of action, contained the following prayer for judgment: "Whereupon the plaintiff and his family have been brought into disrepute, * * * to his damage $5,000, for which amount plaintiff demands judgment against the defendant Margaret Shafer, and costs." The trial judge, in his instructions to the jury, remarked: "The defendant Margaret Shafer, who is the real defendant here, although her husband is joined with her; that is because, as the law was when this action was brought, a married woman could not be sued for a tort alone, * * * so that in this case the husband was made a party only because the law required, in order to maintain the action, that he should be joined with his wife, she being a person against whom the tort is alleged." The case states that "the jury returned a verdict in favor of the plaintiff for $2,500 damages." Afterwards, on motion of plaintiff, the court ordered "that the prayer of plaintiff's complaint be, and the same is hereby, amended to conform to the facts proven, and so as to demand judgment for damages against both defendants." I think that this order was inadvertently granted by the court. It was made after the rendition of the verdict. The jury, in bringing in a verdict of $2,500 for the plaintiff, rendered it in pursuance of the prayer of the plaintiff's complaint against the defendant Magaret Shafer. They did not and could not render such a verdict against Robert Shafer, for the reason that no such verdict was claimed in the complaint. Hence the order of the court has the effect of creating a verdict against the defendant Robert Shafer that was not in fact given by the jury. It is well settled that after a verdict the complaint cannot be amended so as to increase the amount claimed. *Bowman* v. *Earle*, 3 Duer, 695; *Decker* v. *Parsons*, 11 Hun, 296;

*Dox* v. *Dey*, 3 Wend. 356; *Corning* v. *Corning*, 6 N. Y. 104; *Pharis* v. *Gere*, 31 Hun, 443. In this case no recovery was demanded of the defendant Robert in the complaint, but the demand for judgment was expressly made against the defendant Margaret Shafer alone, and the complaint so remained until after the rendition of the verdict. The effect of the order was to increase the amount claimed from the defendant Robert from a nominal sum to $5,000. Within the above authorities this order was unauthorized. This action was begun in 1889, hence chapter 51 and chapter 248 of the Laws of 1890 did not apply.[1] See *Hill* v. *Duncan*, 110 Mass. 238, 239. Therefore the husband was a proper and necessary party defendant in the action, and judgment should be collected from him. *Fitzgerald* v. *Quann*, 33 Hun, 652–658, 109 N. Y. 441, 17 N. E. Rep. 354; *Mangam* v. *Peck*, 111 N. Y. 401, 18 N. E. Rep. 617; *Bennett* v. *Bennett*, 116 N. Y. 597, 23 N. E. Rep. 17. The complaint in this case should have been amended before the verdict. Doubtless the court, under section 723 of the Civil Code,[2] on motion, could have allowed such an amendment at any time before the submission of the case to the jury. After the verdict, as we have seen, the court possessed no such power. The effect of such an amendment and of the order in question was to make a verdict for the jury never in fact rendered. Therefore, as to the defendant Robert Shafer, the order in question and the judgment must be reversed, and a new trial granted. But as we have seen, the husband is a necessary party defendant. He is liable to pay the judgment. *Fitzgerald* v. *Quann*, 33 Hun, 656–658. He is jointly liable with his wife. It is not a case where a separate verdict against either would be proper. Hence the orders and judgment should be reversed, and a new trial granted as to both defendants. See *Pollock* v. *Webster*, 16 Hun, 104, and kindred cases.

It is urged by defendant that there should be a new trial, because the damages were excessive; that the seduction of plaintiff's daughter by defendants' son did not properly enter into the question of damages; that for that injury plaintiff has a cause of action against George Shafer. The trial court instructed the jury that they had no right to give plaintiff a verdict because defendants' son seduced the girl, unless they found that the mother did connive, did aid, or did assist in bringing about the seduction, and either originally enticed the daughter away from the father for that purpose, or subsequently entered into some arrangement to bring it about. No exception was taken to the charge of the judge. Had an exception been taken, I am not prepared to say that, if the jury believed all that the witness Mary Bradley testified to, they might not properly consider her seduction on the question of damages. According to this witness, Margaret Shafer persuaded, and, in fact, almost coerced, her to leave and to remain away from her parents at the house of said defendants. Margaret knew of the seduction of the witness by her son the day it first occurred. She knew that the witness and her son were having unlawful commerce in her house. She knew the bad character of her son. Yet she prevented the witness from returning to her parents, and knowingly kept her exposed to the solicitations of her son, making no effort to put a stop to the immoral intercourse going on. Margaret absented herself for days, leaving her son and the witness alone together. I am inclined to think that there was evidence in the case from which the jury might, if they believed the statements of the witness Mary Bradley, as they could, find that the

[1] This act provides that the husband is not a necessary or proper party to an action to recover damages to another caused by the wrongful acts of the wife, committed without the instigation of the husband.

[2] This section provides that "the court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding by adding or striking out the name of a person as a party, * * * or by inserting an allegation material to the case; or, where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceeding to the facts proved."

defendant Màrgaret Shafer, having induced this young girl to leave her parents and sojourn at her house under her care and charge, knowingly connived at the commerce between the girl and her son, carried on without objection on her part.    I am therefore not prepared to say that the matter was not properly submitted to the jury by the learned trial judge, or that the jury, believing the statements of the witness Mary Bradley, could not consider the seduction on the question of damages, and hence that the verdict should be set aside on the ground that the damages were excessive.    But for the reasons above stated the orders and judgment should be reversed, and a new trial granted, costs to abide the event.

HERRICK, J., concurs.

MAYHAM, P. J. I concur upon the ground first stated in the written opinion.