SUMNER A. MASON, PLAINTIFF, v. EMMA J. MASON, DEFENDANT.

*Husband and wife — action by the husband for the conversion of chattels by his wife.*

A husband may maintain an action for conversion against his wife to recover damages for the wrongful conversion of personal property taken by her from his possession after she has abandoned him.

The rule was the same even before the enactment of chapter 51 of the Laws of 1890, entitled "An act relating to the liabilities and remedies of husband and wife," and of chapter 248 of Laws of 1890, amending section 450 of the Code of Civil Procedure, relating to parties to actions.

*Berdell* v. *Parkhurst* (19 Hun, 358) followed.

MOTION for a new trial on plaintiff's exceptions, ordered to be heard at the General Term in the first instance, after a verdict in favor of the defendant, rendered at the Kings County Circuit by direction of the court on the 22d day of March, 1892.

The action was brought to recover for the conversion of personal property of the value of $2,000.

The complaint contained the following allegations:

*First.* That before and until the time hereinafter mentioned, the plaintiff was lawfully possessed of certain goods, of which a list is hereto annexed and marked "A," his property, of the value of over two thousand dollars.

*Second.* That on and before the 1st day of May, 1888, the defendant took possession of said goods, and unlawfully converted and disposed of the same, to her own use, to the plaintiff's damage, in the sum of two thousand dollars.

The answer contained a general denial, and alleged the marriage of the plaintiff and defendant in the year 1869.

When the case came on for trial counsel for the plaintiff, in opening the case, made the following admissions for the purpose of enabling defendant's counsel to make a motion to dismiss the complaint:

1. That, at some time long prior to the dates set out in the complaint, the plaintiff and defendant had been married.

2. That there had been no decree of divorce or separation between them at any time since. Also, that defendant had, prior to the dates set out in the complaint, abandoned the plaintiff.

Defendant's counsel having objected to any statement by plaintiff's counsel, relative to any alleged abandonment by defendant being taken as an admission, for the reason that defendant contends that the abandonment, if any, was by plaintiff, and because defendant's counsel wished to go to the jury on that issue, if it was material, the court ruled further, that in order to present the question fairly, the plaintiff might make an offer of evidence tending to show an abandonment on the part of the wife, which the court would exclude as immaterial.

Plaintiff's counsel then offered testimony tending to prove that defendant, at a time prior to the date set up in the complaint, had abandoned the plaintiff, and had continued such abandonment ever since.

The court excluded this as immaterial, and plaintiff excepted. Thereupon, by direction of the court, the jury found a verdict for defendant to which plaintiff excepted.

Judgment was thereupon suspended by the court, and the exceptions were directed to be heard, in the first instance, at the General Term by an order made on the 12th day of April, 1892.

*William C. Beecher* for the plaintiff.

*Alexander Cameron*, for the defendant.

BARNARD, P. J.:

The plaintiff is the husband of the defendant. The complaint charges that the defendant took valuable property from his possession and converted and disposed of the same to her own use. The case must be considered as if it was the fact that the defendant abandoned the plaintiff. The plaintiff offered proof tending to show it and it was rejected. It was decided by this court that if a wife took with her the husband's property, he could bring an action against his wife. (*Berdell* v. *Parkhurst*, 19 Hun, 358.)

The Court of Appeals has repeatedly decided that a husband is liable for his wifes torts, and this action was dismissed upon the authority of *Mangam* v. *Peck* (111 N. Y., 401); *Fitzgerald* v. *Quann* (109 N. Y., 441).

These cases do not conflict necessarily with *Parkhurst* v. *Bedell*. The reasoning by which such a result is reached is to the effect that

a husband has no remedy because he is liable as to a stranger to an action for a conversion by his wife of the stranger's goods. The wife would be liable with her husband to the stranger for her conversion by virtue of the old rule of the common law not necessarily repealed before. (Laws of 1890, chaps. 51 and 248.)

The wife could hold a separate estate at the time of the wrongful act. If she could increase it by taking wrongfully her husband's property and go away with it and he have neither action or relief against her for the recovery back of the same, it would be a case of great hardship. The Court of Appeals, in *Wood* v. *Wood* (83 N. Y., 575), held that a wife could bring an action of ejectment against her husband to recover her property unlawfully taken from her. The remedy should be even between them.

The exceptions should, therefore, be sustained and a new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., dissented.

Exceptions sustained and new trial granted, with costs to abide event.